**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Bert CROFT, Jr., Defendant-Appellant.**

**No. 71-1004.**

United States Court of Appeals,
Sixth Circuit.

Nov. 17, 1971.

John Montjoy, Louisville, Ky. (Court appointed), for defendant-appellant; J. Larry Cashen, Wyatt, Grafton & Sloss, Louisville, Ky., on brief.

Edward M. Steutermann, Louisville, Ky., for plaintiff-appellee; George J. Long, U. S. Atty., A. Duane Schwartz, Asst. U. S. Atty., Louisville, Ky., on brief.

Before MILLER and KENT, Circuit Judges, and McALLISTER, Senior Circuit Judge.

McALLISTER, Senior Circuit Judge.

Appellant Croft was sentenced by the District Court to a term of three years for violation of a federal statute. Thereafter, he was indicted and convicted in the state court for violation of two state charges, and sentenced to a term of two years to run concurrently, one with the other, and with the federal sentence. However, instead of first being sent to a federal penitentiary, he was sent to the state prison. When he was released from the state prison, the United States Marshal took him into custody and delivered him to the federal penitentiary. Appellant moved in the District Court for an order granting him credit toward the federal court sentence for all of the time he had served in jail and on the state court sentences since the date of his federal sentence. The District Court denied the motion; and we review by appeal.

A comprehensive statement of the facts and circumstances of the case is necessary to an understanding of the issues presented, their disposition by the District Court, and our determination on appeal.

On April 2, 1969, appellant Croft was arrested by the United States Marshal for violation of Title 18, U.S.C.A., Section 2313, in knowingly concealing a stolen 1966 Chevrolet automobile, knowing it to have been stolen and to have been moved in interstate commerce from Nashville, Tennessee, to Louisville, Kentucky. Appellant was, on the same day, released on bond of $1,000 conditioned upon his appearance before the United States District Court in Louisville on October 6, 1969, at 9:30 A.M.

The case came before the District Court on the appearance date of October 6, 1969, but was passed to October 13, 1969, because, a short time before, on September 25, 1969, appellant had been arrested on a state charge of possession of burglary tools, and was being confined in the Jefferson County jail in Louisville on that charge.

Because of appellant's arrest on the state charge, it was necessary for the District Court to issue a writ of habeas corpus ad prosequendum in order to bring him, from the Jefferson County jail, before the District Court for hearing on the federal charge of concealing the Chevrolet car with knowledge that it had been stolen; and on October 13, 1969, appellant was produced in court by the Marshal. On the same day, appellant pleaded guilty to the one count of the indictment. He was then sentenced to imprisonment for a period of three years, and immediately committed to imprisonment. Appellant was then returned to the Jefferson County jail.

To recapitulate: On April 2, 1969, when appellant was arrested on the charge to which he later pleaded guilty in the federal court, he was not in state custody for any offense; and he was not in state custody when he was released on bond on April 2, 1969, conditioned upon his appearance in federal court on October 6, 1969.

After appellant was sentenced in the federal court on October 13, 1969, and returned to the county jail, he was taken before the Jefferson County Criminal Court of Kentucky on November 13, 1969, and sentenced for a term of two years each on two separate charges. The state court's sentence was that the two

sentences of two years each were to run concurrently, one with the other, and also concurrently with the three-year sentence in the federal court above mentioned.

However, instead of being taken into custody by the United States Marshal at Louisville, who had in his hands the mittimus or commitment of appellant on the three-year sentence in the federal court, and thereafter, subsequent to the state court sentence, delivered to a federal penitentiary, appellant was removed from the Jefferson County jail by the Sheriff, who delivered appellant to the state penitentiary at La Grange, Kentucky, to serve the two concurrent state sentences which the state court had ordered to run concurrently with the three-year federal sentence.

After appellant had served ten months and eight days of the two-year sentence of the state court, and had thereafter been granted parole by the state but not yet released, the United States Marshal took him into custody and delivered him to the United States prison at Terre Haute, Indiana, to commence the service of his three-year sentence imposed by the federal court.

When appellant was sentenced by the state court, it was evident from the sentence, itself, that the state court understood that appellant would first serve the sentence imposed by the federal court, as the state court provided the state sentence of two years would run concurrently with the three-year federal sentence.

If appellant had first been delivered by the Marshal to the federal prison, his state sentence would have been served before the conclusion of his federal sentence of three years. Since he was first delivered to the state prison by the Sheriff, his federal sentence of three years would commence after his state sentence of two years. In the first case, his total imprisonment on both federal and state sentences would have totalled three years; in the second case, it would total five years. No one, neither state nor federal judge, considered that appellant should serve more than three years, at the most.

The issue is whether, after the order of commitment was delivered by the District Court to the Marshal, he should have taken appellant into custody and, subsequent to the trial and sentence in the state court, delivered appellant to the federal place of detention for service of the federal sentence prior to delivery of appellant by the Sheriff to the state prison.

The District Court, in denying appellant's motion that he be granted credit for the time already served in jail and in the state penitentiary against the federal sentence of three years, observed:

> "For some unexplained reason, Croft was then [immediately after the state sentence] sent to the Kentucky State Penitentiary at La Grange."

Further, the District Court said:

> "Our concern for Croft's situation and our desire to effectuate policies of the state judiciary whenever possible tempt us either to reduce Croft's sentence or to enter some sort of *nunc pro tunc* order modifying the federal sentence to run concurrently with the state sentence. However, in view of the fact that more than 120 days have elapsed since the federal sentence was imposed, we are clearly powerless to do so."

Appellee Government in its brief on appeal in this case says that while it "can appreciate some sympathy for appellant's position, appellee can find no legal basis whatsoever to grant appellant the relief which he seeks."

Since it was the understanding and the determination of the state court that appellant would first serve the sentence imposed by the federal court, and that the state court's sentence would run concurrently with it; since counsel for the Government expressed sympathy for appellant's position; and since the District Court, on the motion of appellant asking that credit be granted him for time served under the state sentence, expressed itself as concerned with appellant's situa-

tion, and that it was tempted either to reduce appellant's sentence or enter some sort of *nunc pro tunc* order modifying the federal sentence, but considered itself powerless to do so—it is evident that the state court would consider appellant's plight to be due to a miscarriage of justice, and Government counsel and the District Court would also consider the *situation in which appellant was placed to be unjust.*

■ The general rule applicable to this case is that where a court has issued the mittimus and has given authority to the proper officer to enforce it, and such officer refuses to act on it, and turns the prisoner over to another jurisdiction, the court, after the period specified in the mittimus has expired, will refuse to find that the prisoner has not served his sentence, but will assume that he has served it, and will, in consequence, refuse authority for his further imprisonment. 24 C.J.S. Criminal Law § 1610.

In the case of In re Jennings, D.C., 118 F. 479, a defendant had been sentenced, and a warrant of commitment had issued, the command of which was that the marshal should take charge of the prisoner, who was to be kept in the United States prison at Ft. Leavenworth. In disregard of his duty and the command of the writ, the marshal, of his own accord and utterly without any authority so to do, turned the custody of the defendant over to another jurisdiction. The defendant was taken into that jurisdiction, convicted and sentenced, and committed to serve out the term of his imprisonment. Subsequently, and after the expiration of the term of his original sentence and that mentioned in the warrant of commitment, he was again taken into custody by the marshal, to whose custody he had been committed, who undertook to hold him for a further term of imprisonment measured by the original sentence. The defendant sued out a writ of habeas corpus. The return showed that the only authority for the deprivation of his liberty was a warrant

of commitment, the authority of which had already expired by its own terms. On the face of the pleadings, therefore, there was absolutely no authority for the retention of the prisoner, and he was, in consequence, discharged.

The court, in discharging the prisoner, said:

"It matters not that during a portion of the time during which he has been confined he has been held ostensibly for an offense other than that for which he was originally convicted. In the eye of the law, he has all the time been serving out the sentence that was imposed on him * * * because no ministerial officer, by disobeying the mandate of the court, and unlawfully surrendering him into another custody than that where he rightfully belonged, could suspend the running of the sentence for that offense."

In the leading case of Smith v. Swope, 91 F.2d 260 (C.C.A. 9), which embodies the rule determinative of this case, it was held that where the United States marshal, who had custody of a sentenced prisoner, was ordered to deliver him to prison but held, or allowed the prisoner to be held, in the county jail, and afterward permitted his surrender to state authorities, the prisoner's service of sentence was deemed to begin at the time of commitment and custody thereunder, rather than at the date of actual commitment after the prisoner's parole by state authorities.

The commitment order, under the sentence of the federal court, was to take and safely deliver the defendant into the custody of the keeper or warden or other officer in charge of the United States penitentiary. In passing on the question, the court said that the commitment order "to keep" the prisoner meant to keep him in the Los Angeles jail until time to take him to the train for the federal penitentiary. As the court said, "We cannot shut our eyes to the fact that there must have been an interval of time when the commitment order necessarily required him to be 'kept' where

the marshal then held him. * * * The reason for this, as appears from the warden's pleading in the present case, was that on May 14, 1930, an information charging forgery had been filed against appellant in the municipal court of the state of California. On June 19, 1930 (after he had been sentenced and committed by the United States District Court), he pleaded not guilty to this charge. On July 31, 1930, he changed his plea to one of guilty and was sentenced to a term of from one to fourteen years in the California State Prison." Having been released by the United States Marshal to the custody of the officers of the state, the appellant served time in the state prisons until June 16, 1935, at which time he was released on parole and was given over to the custody of the United States Marshal, who incarcerated him in the federal penitentiary, where he still remained, serving his time under the federal sentence.

In deciding the case, Judge Denman, speaking for the court, said:

"The record in this case shows a sentence of the United States District Court and a commitment issued pursuant thereto commanding the marshal. then having custody of the prisoner, to deliver the defendant to prison 'forthwith.' It is not contested that the court had jurisdiction to pronounce the sentence and issue the order of commitment. Such jurisdiction is not defeated by a mere showing that at a previous time there was jurisdiction over the prisoner in the municipal court of the state of California and with no evidence of a limitation on the federal jurisdiction at the time of the issuance of the commitment."

It was argued by the Government in the *Swope* case that appellant was first under the jurisdiction of the state court by reason of the forgery information which was filed against him there prior to the lodging of the federal indictments, and that the state of California was entitled to have its sentence upon the prisoner executed before he could begin to serve the terms imposed by the federal court.

"Whether this is true as an abstract proposition," the Court of Appeals said, "we have no occasion to decide. Whether the state might have surrendered and the United States accepted jurisdiction over the prisoner for a limited period or purpose and whether, under proper orders of the court, the prisoner's state and federal sentences might be staggered, interwoven, or served piecemeal, are questions not presented by the record in this case. Certainly the two sovereigns could not be bound to such an agreement by the actions of mere subordinate administrative officials such as the state sheriff and federal marshal."

It is of interest to note that a dissenting opinion in the *Swope* case (*supra*) was based on the same interpretation of the statute upon which the Government here relies, that the sentence of imprisonment of any person convicted of a crime in a court of the United States shall commence to run from the date on which such person is received at the penitentiary. However, in the instant case, the failure of the Marshal to execute the commitment at the time of its issuance, or after the appellant had subsequently been sentenced on state charges, did not postpone the beginning of the sentence, since appellant was safely returned by the Marshal and confined in the county jail immediately after the federal sentence, and was thereafter held there pending appellant's trial and sentence on the state court charges.

■ After sentencing by a federal court, a prisoner may be held, by stay, for trial in a state court, without the federal court's losing jurisdiction of him, *although he is entitled to have the time of the stay counted as part of his term of imprisonment.* Ex parte Sichofsky, D.C., 273 F. 694; Sichofsky v. United States, 277 F. 762 (C.C.A. 9).

■ When appellant Croft was released on bail, he was still considered as being in the custody of the federal Government; the bail did not divest the

federal court of its inherent power to deal with the accused, since he was still constructively in the custody of the law. Taylor v. Taintor, 16 Wall. 366, 21 L.Ed. 287; Field v. United States, 193 F.2d 86 (C.A. 2); United States v. Schneiderman, et al., 102 F.Supp. 52 (D.C.Cal.), reversed on other grounds, Stack v. United States, 193 F.2d 875 (C.A. 9). See 8 C.J.S. Bail § 31, p. 60.

The determination whether a federal court or a state court has prior jurisdiction over the person of an accused rests upon principles of comity between federal and state courts. Wall v. Hudspeth, 108 F.2d 865, 866 (C.A. 10). Here, there is no dispute over comity. The state court recognized prior jurisdiction of the federal court over the person of appellant Croft, and emphasized such recognition of prior jurisdiction of the federal court by making the state's sentence run concurrently with the federal sentence.

Smith v. Swope, 91 F.2d 260 (C.C.A. 9), is the authority that guides determination in this case. Appellant, upon the order of commitment of the District Court, should have been delivered by the Marshal to a federal penitentiary after the subsequent trial and sentence by the state court which provided that its sentence should run concurrently with the federal sentence. The fact that appellant was erroneously taken from the county jail by the Sheriff and delivered by him to the state prison does not affect the running of the time of the federal sentence from the day that the order of commitment was issued to the Marshal. Appellant is entitled to credit on his federal sentence for the time he was held in the county jail after the federal court's order of commitment, and for the time he served because of his erroneous delivery by the Sheriff to the state prison. Accordingly, the term of appellant's sentence runs from the date of the order of commitment to the Marshal. As said in Ex parte Sichofsky, *supra*, "An order will be entered, therefore, recalling the commitment and decreeing its amendment, to the effect that the term of imprisonment heretofore adjudged upon petitioner will begin to run as from the date of pronouncement of the aforementioned judgment herein."

In accordance with the foregoing, the case is remanded to the District Court with directions to correct appellant's sentence to the effect that it run for a period of three years commencing as of October 13, 1969, the date of the original commitment to the Marshal.