**Harvey William LaDOUCER, Appellant,**

v.

**RAMSEY COUNTY SHERIFF'S DEPARTMENT, State of Minnesota, and the Attorney General of the State of Minnesota, Respondents.**

No. C1–84–324.

Court of Appeals of Minnesota.

May 22, 1984.

Harvey William LaDoucer, pro se.

Hubert H. Humphrey, III, Atty. Gen., Richard D. Hodsdon, Sp. Asst. Atty. Gen., Thomas J. Foley, Ramsey County Atty., St. Paul, for respondents.

Considered and decided by SEDGWICK, P.J., and PARKER and CRIPPEN, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

Petitioner appeals from an order denying him a writ of habeas corpus. He petitioned for an order directing agents of the State of Minnesota to withdraw a detainer filed with the Federal Correctional Institution, Oxford, Wisconsin, where he is imprisoned.

Petitioner's 1979 Minnesota sentence for aggravated assault was ordered concurrent with a federal sentence imposed at the same time, and petitioner's imprisonment began immediately in federal correctional facilities. A portion of the Minnesota sentence will remain unexpired at the time he is released by federal authorities. He claims the surrender of his custody to federal agents waived rights of Minnesota officials to retake him. He also claims his return to Minnesota for imprisonment would be an unconstitutional increase of his original sentence.

Respondents deny any unusual effects of sentencing concurrent with federal imprisonment, claiming that petitioner remains subject to lawful commitment by a Minne-sota Court to the Minnesota Commissioner of Corrections.

We affirm denial of the writ.

## FACTS

Harvey William LaDoucer, petitioner, was convicted in the District Court, Ramsey County, for a June 1979 aggravated assault offense. He was convicted at the same time by federal authorities on a charge of possessing an explosive device, an act arising in the same incident as the Minnesota offense. A United States District Court sentenced LaDoucer to imprisonment for a term of ten years. The Minnesota court sentenced him to a prison term of three to ten years. Consistent with a plea agreement, the Minnesota sentence was ordered to be concurrent with federal imprisonment. However, the sentencing judge expressly committed LaDoucer to the custody of the Minnesota Commissioner of Corrections.

In 1981, two years after petitioner began serving time in a Federal institution, a detainer was filed on the Warrant of Commitment issued by the District Court to the Sheriff of Ramsey County after the 1979 sentencing proceedings. Petitioner is scheduled for release from his Minnesota sentence on 10 April 1987. Through the application of federal statutes and rules, petitioner will be released from federal facilities on 14 December 1985.

The habeas corpus petition of LaDoucer was considered and denied by the trial court in February 1984. The court viewed the situation of petitioner to be the same as a defendant subject to multiple concurrent state sentences, where the defendant must serve for the longest sentence imposed.

## ISSUE

■ Where a federal prisoner serves concurrently a Minnesota sentence, and he completes the federal term, can agents of the State of Minnesota take custody of the prisoner for the unexpired term of his state sentence?

## ANALYSIS

Many of petitioner's arguments are premised on his belief that the Minnesota court failed to commit him to the Minnesota Commissioner of Corrections and committed him instead to federal authorities. It is clear, however, that the Minnesota sentence was in the form of a commitment to the Commissioner. The sentencing judge made these additional comments:

> I don't know how you stand on the possibility of parole there, but I think, if I am not mistaken, you will do about a year or more longer than you did in the state courts, before any eligibility will arise. In any event, the clock will run on both and if things go well there, things will be well here, and if you are paroled and you don't do well there, it will result again in a double take after release.
>
> . . . .
>
> You have paper on you from both courts. If you get along fine, don't violate the law, there will be no problem, because one will run with the other and both will wash out. If you are paroled from the federal prison and should get into further trouble, you have two violations again. Possibly. I am not the boss of that. As I told you in the first instance, each is separate. All I can do here for you is let this sentence run concurrent with the federal offense. Now, there will be a hold on you from the State of Minnesota at all times, until such time as you are released and you will have to clear with the parole authorities in Minnesota as well as the federal authorities when you are released, okay?

The separate effect of federal and state sentences was carefully emphasized. It cannot be legitimately claimed that the sentencing judge limited the effects of the Minnesota sentence.

Viewing the separate imposition of a Minnesota sentence, respondents observe that petitioner's appeal is without merit. Although that is so, petitioner is entitled to a response on various legal arguments. Petitioner insists that surrender of his custody to federal authorities destroyed the right of Minnesota officers to retake his custody.

■ Petitioner claims that his return to Minnesota would involve an increase in his sentence, a violation of his constitutional right against double jeopardy. He cites *United States v. Kennedy*, 330 F.2d 26 (9th Cir.1964), where it was found that the change of a sentence was unconstitutional. He argues that an increase is unlawful which changes the sentence he expected to suffer, and he claims an expectation that release from his federal sentence would release him from all sentences imposed in 1979. He cites *United States v. DiFrancesco*, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980), regarding expectations on the finality of a sentence.

Petitioner's expectation on sentencings, if it was as he represents, was not "legitimate," and cannot interfere with his lawful sentence. *United States v. DiFrancesco*, *supra*. The Supreme Court charges a defendant with knowledge of the law. Regarding a defendant's actual knowledge, the court stated:

> The Double Jeopardy clause does not provide the defendant with the right to know at any specific moment in time what the exact limit of his punishment will turn out to be.

*United States v. DiFrancesco*, 449 U.S. at 137, 101 S.Ct. at 437.

■ Petitioner next asserts that his return deprives him of liberty without due process. He points again to his expectation against return to Minnesota, and he cites these decisions: *Solomon v. Elsea*, 676 F.2d 282 (7th Cir.1982); *Jackson v. Carlson*, 707 F.2d 943 (7th Cir.1983); and *Hewitt v. Helms*, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983). The *Solomon* case dealt with parole rights, *Jackson* with laws mandating good time credits, and *Hewitt* with establishing limits on disciplinary segregation. All three cases declare a liberty interest in rights established by statute or rule. Neither these cases nor others show similar rights founded on a prisoner's personal expectations.

■ Finally, petitioner views the 1979 actions of Minnesota officials as a waiver of their rights for his custody. He cites *Jones v. Rayborn*, 346 S.W.2d 743 (Ky. 1961), and *People v. Bartley*, 383 Ill. 437, 50 N.E.2d 517 (1943). *Bartley* recognizes a waiver of custody of a prisoner who is unconditionally released to authorities in another state. *Jones* confirms that decision, requiring that state authorities accept the running of their sentence during a period a prisoner was held elsewhere after being released. These decisions coincide with another cited by petitioner, a holding that a federal sentence is served during time following unconditional release by federal authorities to another jurisdiction, *United States v. Croft*, 450 F.2d 1094 (6th Cir.1971).

Petitioner will be given credit on his Minnesota sentence for time served in a federal institution, but he was not unconditionally released to federal authorities. His release was expressly for the purpose of concurrent sentencing. None of the cases cited by petitioner defeats the requirement that he complete the unexpired term of a concurrent sentence.

## DECISION

Upon release by federal authorities, petitioner must be imprisoned in Minnesota as demanded in the 1979 Minnesota Warrant of Commitment. We affirm denial of a writ of habeas corpus.

Affirmed.