**Victor E. KIENDRA,**
**Plaintiff-Appellant,**

v.

**John T. HADDEN, Warden, Federal Correctional Institute, Ray Brook, New York, Defendant-Appellee.**

**No. 741, Docket 84–2348.**

United States Court of Appeals, Second Circuit.

Argued April 11, 1985.

Decided May 24, 1985.

---

Victor E. Kiendra, pro se, for plaintiff-appellant.

David R. Homer, Asst. U.S. Atty., N.D. N.Y., Albany, N.Y. (Frederick J. Scullin, Jr., U.S. Atty., N.D.N.Y., Syracuse, N.Y., of counsel), for defendant-appellee.

Before MANSFIELD, KEARSE and PRATT, Circuit Judges.

GEORGE C. PRATT, Circuit Judge.

The sole question presented on this appeal is whether the district court properly denied and dismissed defendant Victor E. Kiendra's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons discussed below, we reverse and remand with a direction to the district court.

## BACKGROUND

While incarcerated in the Rhode Island state penitentiary, Kiendra was convicted by the United States District Court for the District of Rhode Island of interstate transportation of stolen motor vehicles. The district court (Pettine, *Ch.J.*) sentenced Kiendra to three years of imprisonment, and directed, "Said sentence to commence when the defendant is released from the sentence now being served at the Rhode Island Adult Correctional Institution." Based on the district court's judgment and commitment order, the United States Marshals Service lodged a federal detainer with state correctional officials on March 27, 1981.

State authorities released Kiendra at the expiration of his state sentence on September 16, 1981. Kiendra contends that when the date for his release from state custody approached, state correctional officials contacted the federal marshals to arrange for his transfer to federal custody, but were informed that the marshals had no interest in Kiendra and no longer wanted to assume custody.

Shortly thereafter, on October 20, 1981, Providence police arrested Kiendra on an unrelated state charge. After Kiendra entered a guilty plea to the new charge, the Rhode Island Superior Court (DeRobbio, *J.*), aware of the federal detainer, sentenced him to a four-year prison term to be

served in a federal penitentiary, and to run concurrently with his three-year federal sentence. The state court notified the federal marshals, but, according to Kiendra, they still declined to take custody. State authorities then placed Kiendra in the state penitentiary.

On October 28, 1982, Kiendra requested the state court to clarify its sentence. The court (DeRobbio, *J.*) reaffirmed the sentence the next day, and ordered Kiendra's immediate transfer to federal custody, but the marshals apparently took no action. When Kiendra subsequently filed a petition for habeas corpus relief, the state court (Kiley, *J.*) issued another order for Kiendra's transfer to federal custody. Again, the marshals apparently did nothing. It was not until the completion of Kiendra's state sentence on February 17, 1984, that federal marshals took him into custody and transported him ultimately to the federal correctional facility in Ray Brook, New York, to begin serving the three-year federal sentence.

On May 9, 1984, Kiendra filed this habeas corpus petition *pro se* alleging that his release from state custody in September 1981 rendered the federal detainer invalid and that federal authorities were detaining him in violation of the Interstate Agreement on Detainers Act (IADA), 18 U.S.C. App. § 2.

On August 14, 1984, the government filed an affidavit in opposition to Kiendra's petition, arguing that he had not cited any applicable law to support his assertion that the detainer was invalid and that he had incorrectly relied on the IADA. In an August 29, 1984 report-recommendation, United States Magistrate Ralph W. Smith agreed with the government and recommended dismissal of the petition.

Although a return receipt card indicates that the mailing department at Ray Brook received a copy of the report-recommendation on September 7, 1984, Kiendra claims that he never got a copy, and that since he was unaware of it, he failed to file timely objections. He did, however, file an affidavit on September 19, 1984 in opposition to

the government's August 14 affidavit, in which he argued for the first time that he was entitled to credit on his federal sentence for time served on his state sentence.

On September 21, 1984, the United States District Court for the Northern District of New York (Foley, *J.*) adopted the magistrate's report-recommendation and dismissed the petition. By letter dated September 24, 1984, Kiendra informed the district court that he had never received the magistrate's report-recommendation and requested the court to "reopen" the petition so he could file a response. Finding that the objections in Kiendra's opposing affidavit would have been unavailing even if timely filed, the district court denied the request for reconsideration and reaffirmed the dismissal. This appeal followed.

## DISCUSSION

■ The district court correctly rejected Kiendra's assertion that the federal authorities were holding him in violation of the IADA. The terms of the IADA apply only when a person is serving a prison term and a detainer from another jurisdiction has been lodged against the prisoner on the basis of "any untried indictment, information, or complaint". 18 U.S.C.App. § 2, Art. III(a) (Supp.1981). Since the federal marshals lodged their detainer against Kiendra on the basis of the district court's judgment and order of commitment, and not on an untried matter, the IADA affords him no relief. *Hernandez v. United States*, 527 F.Supp. 83, 85 (W.D.Okla.1981); *see United States v. Roach*, 745 F.2d 1252, 1254 (9th Cir.1984); *Hopper v. United States Parole Commission*, 702 F.2d 842, 846 (9th Cir.1983).

■ In his opposing affidavit, Kiendra had asserted that he was entitled to credit against his federal sentence for time served in the state penitentiary. The government argues that this claim is not properly before us since it was not presented in the district court but was raised for the first time "in appellant's brief on ap-

peal." *See Wedra v. Thomas,* 671 F.2d 713, 718 (2d Cir.1982), *cert. denied,* 458 U.S. 1109, 102 S.Ct. 3491, 73 L.Ed.2d 1372 (1982). Although it is true that Kiendra did not present this claim in his petition, he did assert it in his opposing affidavit, which the docket sheet indicates was filed two days before the district court issued its first order on September 21. Further, the district court's September 28 order indicates that it did consider and reject this claim. Moreover, since the district court had the opportunity to review this claim, and in view of Kiendra's contention that he failed to file timely objections to the magistrate's report-recommendation because he never received a copy of it, the claim is properly before us. *Cf. LaBruna v. U.S. Marshal,* 665 F.2d 439, 442 (2d Cir.1981) (where the liberty of an individual is at stake, and in the absence of countervailing considerations, we see no valid reason to remand to the district court to consider a claim raised for the first time on appeal). Accordingly, we turn to the merits of Kiendra's claim.

■ The federal judgment and commitment order directed that Kiendra's sentence was to commence upon his release from the sentence then being served on the first state charge. Yet, when the federal marshals were informed that Kiendra was due for release from the state penitentiary, according to Kiendra they inexplicably took no action. Kiendra further states that they did not act after his second state conviction when the state court, on three occasions, requested them to take Kiendra into custody.

In a similar case, *Smith v. Swope,* 91 F.2d 260 (9th Cir.1937), the defendant was sentenced to a maximum of six years imprisonment in federal prison. The marshal neglected to carry out the commitment order, but instead turned Smith over to state authorities for trial on a state charge and commitment to the state prison on a plea of guilty on that charge. Upon Smith's release on parole from state prison five years later, he was given over to the custody of the marshal who incarcerated him in the federal penitentiary to begin serving his six-year federal sentence. Reversing the district court's denial of the defendant's petition for a writ of habeas corpus, the ninth circuit held that the defendant's six-year sentence had begun to run as of the date of sentencing. The court reasoned that:

> The least to which a prisoner is entitled is the execution of the sentence of the court to whose judgment he is duly subject. If a ministerial officer, such as a marshal, charged with the duty to execute the court's orders, fails to carry out such orders, that failure cannot be charged up against the prisoner. The prisoner is entitled to serve his time promptly if such is the judgment imposed, and he must be deemed to be serving it from the date he is ordered to serve it and is in the custody of the marshal under the commitment, if, without his fault, the marshal neglects to place him in the proper custody. Any other holding would give the marshal, a ministerial officer, power more arbitrary and capricious than any known in the law. A prisoner sentenced for one year might thus be required to wait forty under the shadow of his unserved sentence before it pleases the marshal to incarcerate him. Such authority is not even granted to courts of justice, let alone their ministerial officers.

*Id.* at 262. *Accord In re Jennings,* 118 Fed. 479, 482 (C.C.E.D.Mo.1902) ("[N]o ministerial officer, by disobeying the mandate of the court, and unlawfully surrendering [the defendant] into another custody than that where he rightfully belonged, could suspend the running of [a] sentence * * *.").

The only relevant difference between the circumstances in *Smith v. Swope* and those before us is that the marshals here did not turn Kiendra over to state authorities. Instead, they refused to take him into custody upon his release from the first state sentence or even after the state court had asked them to do so. This distinction, however, makes no difference. *Cf. White v.*

*Pearlman,* 42 F.2d 788, 789 (10th Cir.1930) ("It is our conclusion that where a prisoner is discharged from a penal institution, without any contributing fault on his part, and without violation of conditions of parole, that his sentence continues to run while he is at liberty."). Even though the marshals failed to take custody, Kiendra's sentence began to run on the date the federal court directed: on September 16, 1981, when he was released from the state sentence he had been serving.

Another factor in this case strongly urges the result we reach. Although the state court sentenced Kiendra to a four-year sentence on his second state conviction, its intent was that the four years should overlap the federal sentence, and it specifically ordered that the four-year sentence be served concurrently with the three-year federal sentence. Consequently, by refusing to take Kiendra into federal custody until after completion of the second state sentence, the marshals in effect have frustrated the intentions of both the federal and the state courts.

In a factually similar case, *United States v. Croft,* 450 F.2d 1094 (6th Cir.1971), the defendant was first arrested by the United States Marshals, charged with violation of a federal statute, and released on bond on condition that he reappear before the district court at a later date. While free on bond, the defendant was arrested and confined in a county jail on unrelated state charges. Brought before the district court by the marshals, defendant pled guilty to the federal charge. The district court sentenced him to a prison term of three years and ordered him committed immediately. Instead, however, defendant was returned to the county jail, and the state court sentenced him to two years on each of two separate charges, and directed that the sentences should run concurrently with each other and with the three-year federal sentence. Even after the state sentence was imposed, the marshal did not take the defendant into custody to begin serving his federal sentence and the county sheriff transferred defendant to the state penitentiary to serve the state sentence. After Croft had served ten months of the state sentence and had been granted parole by the state, the marshal took the defendant into custody and delivered him to the federal prison to commence the three-year federal sentence. *Id.* at 1095–96.

The district court denied Croft's motion for an order granting him credit toward the federal sentence for the time he had served in the county jail and the state penitentiary. Upon review, the sixth circuit remanded the case to the district court with instructions to correct defendant's sentence to have it run for a period of three years from the date of his original commitment to the marshal. *Id.* at 1099. The court noted that "[n]o one, neither state nor federal judge, considered that appellant should serve more than three years, at the most." *Id.* at 1096.

Similarly here, the state court did not contemplate that its four-year sentence would be added to the federal sentence. And the federal court contemplated that its sentence would follow immediately upon the first state sentence. In effect, the marshals' failure to take Kiendra into custody not only transformed the state judge's concurrent sentence into a consecutive sentence, but also disregarded the order of the federal court. A federal marshal lacks such power.

Accordingly, the judgment appealed from is reversed and the case is remanded to the district court with a direction to grant the petition by modifying Kiendra's sentence so that it will run for a period of three years commencing September 16, 1981, the date he was originally released from his first state sentence and scheduled to be committed to the custody of the marshals. Further, since Kiendra's sentence, as modified, has already expired, the district court shall order that Kiendra immediately be released from confinement.

The clerk shall issue the mandate forthwith.