70 F.3d 1273
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles Antonio THOMAS, Petitioner-Appellant,
v.
Joseph B. BOGAN, Respondent-Appellee.
 No. 95-1307.
 United States Court of Appeals, Sixth Circuit.
 Nov. 17, 1995.
 
 Before: ENGEL, MILBURN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Charles Antonio Thomas appeals pro se from a district court judgment that denied his habeas corpus petition filed under 28 U.S.C. Sec. 2241. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Thomas was convicted of federal drug charges and sentenced to ten years of imprisonment. The sentencing court allowed him to remain free on bond, but directed him to "surrender for service of sentence at the institution designated by the Bureau of Prisons before 2 p.m. on November 28, 1989." Thomas did not voluntarily surrender as ordered by the sentencing court. Instead, he violated his bond and, on December 29, 1989, he was arrested by state authorities for carrying a concealed weapon. Thomas eventually received a sentence of three to five years of imprisonment on this state charge. He was released from state custody to a federal detainer on February 25, 1993.
 
 
 3
 In his petition, Thomas argued that he was entitled to federal sentencing credit for the time that he spent in state custody. The district court accepted a magistrate judge's recommendation over Thomas's objections and dismissed the case on March 10, 1995. It is from this judgment that Thomas now appeals.
 
 
 4
 Thomas argues that the time that he spent in state custody should be credited to his federal sentence because it resulted from a charge for which he was arrested after federal sentencing. This argument fails because the time that Thomas spent in state custody has already been credited against his state sentence for carrying a concealed weapon. Hence, Thomas cannot receive federal sentencing credit for this time under 18 U.S.C. Sec. 3585(b)(2).
 
 
 5
 Thomas also argues that his federal sentence began to run at the time that it was imposed, rather than when he was finally taken into custody by the Bureau of Prisons ("BOP") under the federal detainer. This argument is refuted by the plain language of the applicable statute, which provides that a federal sentence "commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. Sec. 3585(a); see also Del Guzzi v. United States, 980 F.2d 1269, 1270-71 (9th Cir.1992) (per curiam).
 
 
 6
 Relying on United States v. Croft, 450 F.2d 1094 (6th Cir.1971), Thomas argues that the federal authorities were obligated to take him into custody when they learned that he was incarcerated on state charges. Thomas has waived appellate review of this issue because he did not raise it in his objections to the magistrate judge's report. See Willis v. Sullivan, 931 F.2d 390, 400-01 (6th Cir.1991). Nevertheless, we note that Croft is distinguishable because Thomas's incarceration in the state system did not result from a mistake by federal authorities. Instead, Thomas was arrested and incarcerated for violating a state law after ignoring the federal court's directive to report to the federal institution. It would be anomalous to allow Thomas to benefit from these acts or to hold the federal authorities responsible for them. See Bloomgren v. Belaski, 948 F.2d 688, 691 (10th Cir.1991).
 
 
 7
 Thomas argues that the district court did not give sufficient deference to the intent of the Michigan courts, which eventually ruled that his state sentence should be concurrent to the sentence that had been imposed in federal court. He cites Barden v. Keohane, 921 F.2d 476, 483-84 (3d Cir.1990), which held that the BOP should consider a federal prisoner's request for designation of a state prison as the place of confinement for a federal sentence. However, this issue is not ripe for judicial review, as Thomas has not exhausted his administrative remedies by requesting this type of relief from the BOP. See United States v. Westmoreland, 974 F.2d 736, 737 (6th Cir.1992), cert. denied, 113 S.Ct. 1818 (1993).
 
 
 8
 Finally, Thomas argues that his case is governed by this court's unpublished decision in Avery v. United States, No. 93-6572 (6th Cir. Jan. 5, 1995). However, Avery is inapplicable here because Thomas did not plead guilty to federal charges in reliance on the government's unconditional promise of concurrent sentencing.
 
 
 9
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.