**Vincent DELIMA, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 97–CV–5062 (DRH).**

United States District Court, E.D. New York.

March 8, 1999.

Michael H. Soroka, Garden City, NY, for petitioner.

Zachary W. Carter, U.S. Attorney by Ellen Corcella, Asst. U.S. Atty., Brooklyn, NY, for the government.

## MEMORANDUM AND ORDER

HURLEY, District Judge.

Petitioner moves, pursuant to 28 U.S.C. § 2255, for an order correcting the purported illegal sentence imposed by this

Court on October 1, 1993. On that date, he was sentenced, following his plea of guilty to being a felon in unlawful possession of a firearm in violation of 18 U.S.C. § 922(g), to, *inter alia*, a term of imprisonment of 21 months.

## BACKGROUND

By indictment dated July 10, 1992, petitioner was charged with a series of federal crimes related to the possession of, and conspiracy to deal in, firearms. While released on bail, he was taken into state custody on charges wholly unrelated to the federal counts. He then sought to have his bail here exonerated, and to be held under a permanent order of detention "to enable [him] to get credit for the time he was in state custody" (Pet'r's Mem. in Support at [unnumbered page] 2),[1] presumably referring to a federal credit against whatever sentence might thereafter be imposed. On consent, such an order was entered on March 31, 1993.[2]

On July 21, 1993, petitioner pled guilty to violating 18 U.S.C. § 922(g), with sentence being imposed, as previously noted, on October 1, 1993.

Following the imposition of sentence, petitioner was returned to state custody to face the pending state charges. Ten months thereafter, he was sentenced in the state—upon his convictions for robbery in the second degree, (Indictment # 3868–93) and attempted manslaughter (Indictment # 1277–93)—to a period of 4½ to 9 years, to be served concurrently with each other and with his federal sentence of 21 months. (Pet'r's Mem. in Support at [unnumbered page] 3.)

Notwithstanding the direction by the state court judge that the state sentences

---

1. While petitioner denominates his motion papers as "Defendant's Memorandum of Law" and "Defendant's Reply Memorandum of Law," respectively, the Court for sake of clarity will refer to these documents as "Petitioner's Memorandum of Law" and "Petitioner's Reply Memorandum of Law," respectively.

2. Petitioner's pre-conviction status in the state has not been provided. Thus, it is unclear whether he was held in the state correctional facility during that time solely pursuant to the federal order of detention, or whether he was also subject to contemporaneous state restraint for failure to post bail or otherwise.

be served concurrently with the federal sentence, petitioner reports that "on March 17, 1997, [he] was advised by the United States Marshal's Service ... that his federal sentence is not concurrent with his state sentence, and that upon his completion of his state sentence, he will be taken into custody by the United States Marshals to begin serving his federal term." (*Id.* at 4.) Petitioner has now completed his state sentence, and has begun his period of federal incarceration.

In his petition, which pre-dates the expiration of his state sentence, he identifies the ultimate relief requested as being the entry of an order by this Court directing "that at the conclusion of his state sentence, [he] be released from custody." (*Id.*) In seeking such an order pursuant to Section 2255, petitioner claims that this Court's sentence of October 1, 1993, was fatally flawed in the following particulars:

1. the Court failed to indicate whether petitioner's sentence should be served concurrently or consecutively with whatever sentence might thereafter be imposed in the state; and

2. commencement of the federal sentence was illegally delayed because:

 (a) "the court ... did not take into consideration that because Mr. Delima's presence at his federal sentencing hearing was pursuant to a Writ of Habeas Corpus at Prosecquendum, Mr. Delima would not be committed to the custody of the United States Bureau of Prisons to begin serving his federal sentence as ordered by the court, but would instead be returned to the custody of the state pending the determination of the state court on the matters under indictment numbers 1277–93 and 3868–93 pending in Kings County" (*id.* at 3); and

 (b) the marshal improperly returned petitioner to state custody following imposition of the federal sentence.

These claims will be addressed *seriatim.*

## DISCUSSION

1. *Purported Failure by This Court to Run Its Sentence Concurrently or Consecutively With The Then–Pending State Charges*

■ Determining whether to direct that a term of imprisonment being imposed is to run concurrently, partially concurrently, or consecutively to an undischarged term of imprisonment that a defendant is then serving is a difficult part of the sentencing process, with the determinative factor being how much additional incarceration, if any, represents "a reasonable punishment for the instant offense." U.S.S.G. § 5G1.3(c). To make a meaningful determination in the *absence* of another sentence—indeed, in the absence of even another conviction as apparently was true here—would require attributes this Court lacks, including clairvoyance as to the ultimate outcome of the state charges.

Petitioner's argument that 18 U.S.C. § 3584 requires that such an effort be undertaken is incorrect. Section 3584, as Section 5G1.3, is limited to situations where a defendant is subject to an "undischarged term of imprisonment," a precondition absent here. *Cf. United States v. Labeille–Soto*, 163 F.3d 93, 98 (2d Cir. 1998) ("From [Section 3584(a)'s] use of the modifier 'undischarged,' it may reasonably be inferred that Congress did not intend to allow the court to make a new prison term run concurrently with a prison term that has already been completed.").

Petitioner is correct, however, in asserting that *Germaine v. United States*, 760 F.Supp. 41 (E.D.N.Y.1991), seems to support his position. But this Court, for reasons articulated earlier, interprets *Germaine* differently than petitioner. While it is certainly true that "the burden is squarely on the sentencing judge to affirmatively impose a consecutive sentence" *if* that is his or her intention vis-a-vis other charges pending against a defendant, (*id.* at 42), that does not mean that the first

judge is required, or should even consider, making such a determination. To the contrary, the appropriate procedure calls for the *subsequent* sentencing judge to address the concurrent or consecutive issue, rather than the first who necessarily lacks sufficient information to do so.

Moreover, *Germaine* —in which the district court concluded that the petitioner was "entitled to credit for 11 months" (*id.*)—is inconsistent with subsequent Supreme Court and Second Circuit case law underscoring that a district judge lacks authority to order credit in the first instance, that determination falling within the province of the Bureau of Prisons. *See, e.g., United States v. Wilson,* 503 U.S. 329, 334–36, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992); *Labeille–Soto,* 163 F.3d at 99; *United States v. Keller,* 58 F.3d 884, 894 (2d Cir.1995) ("Credit for prior custody ... is granted by the Attorney General through the Bureau of Prisons after a defendant is sentenced, not by a district court at the time of sentencing. To obtain sentencing credit under § 3585 a federal prisoner must first exhaust his administrative remedies before seeking judicial relief." (citation omitted)); *Martinez v. United States,* 19 F.3d 97, 99 (2d Cir.1994) (per curiam) ("Martinez must first exhaust the administrative procedures available under 28 C.F.R. §§ 542.10–542.16 (1993) before seeking relief in the district court.")

In sum, no sentencing error was committed by this Court not uttering the words "concurrent" or "consecutive" which, given the context, were concepts irrelevant to the proceeding. Additionally, petitioner's application that he be credited with state time served against his federal sentence must be presented in the first instance to the Bureau of Prisons.

2. *Claim That Commencement of Petitioner's Federal Sentence was Illegally Delayed*

The thrust of this argument is that petitioner's federal sentence should have commenced immediately following its imposi-

tion which would have resulted in a partial overlap, *i.e.,* concurrency, of that sentence with his two state sentences. That such did not occur, petitioner argues, is attributable to (1) the Court failing to understand that the commencement of the federal sentence would be delayed given that petitioner was in state custody, (*see, e.g.,* Pet'r's Mem. in Support at [unnumbered page] 3), and (2) the United States Marshal's failure to implement this Court's sentencing order which, petitioner claims, directed that he be taken into federal custody immediately to begin service of his federal sentence. (*See, e.g.,* Pet'r's Reply Mem. at 3–5.)

These two arguments seem contradictory. The first suggests that a delay in the commencement of the federal sentence was patent under the attendant circumstances, but unappreciated by the Court, while the second posits that the marshal was subject to a clear mandate to take immediate custody of petitioner, but neglected to do so. In any event, the petitioner's claims lack merit.

■ It was not—as petitioner asserts— "the intention and expectation of all parties [if "all parties" is meant to include the Court], that [petitioner's] ... federal sentence ... *would run* either *first* or concurrently to his subsequent state sentence." (Pet'r's Mem. in Support at [unnumbered page] 5 (emphasis added).) The Court was aware then, as it is now, that a federal sentence does not commence until the Attorney General of the United States receives the defendant into custody for service of that sentence. *Thomas v. Whalen,* 962 F.2d 358, 360 (4th Cir.1992); *United States v. Smith,* 812 F.Supp. 368, 370 (E.D.N.Y.1993) (citations omitted); for a Second Circuit decision which post-dates the imposition of sentence, and stands for the same proposition, *see Labeille–Soto,* 163 F.3d at 99 (" § 3585(a) ... provides expressly that a sentence commences when the defendant enters custody at, or is received in custody for transportation to, the official detention facility at which his

sentence for the instant offense is to be served.").

■ Nor did the marshal violate the sentencing order by returning petitioner to state custody after his sentence in federal court. Yes, the sentence provided that the "defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 21 months." But that language was not meant to override the requirement that the marshal return petitioner to the state upon disposition of the federal case and satisfaction of the writ of habeas corpus ad prosequendum. *See Thomas v. Whalen,* 962 F.2d at 361 n. 3 ("A prisoner is not even in custody for purposes of Section 3568 when he appears in federal court pursuant to a writ ad prosequendum; he is merely 'on loan' to federal authorities."); *Smith,* 812 F.Supp. at 370–71. Which is to say, the marshal acted properly in October of 1993, unlike his counterparts in two of the three decisions relied upon by petitioner, *viz., Kiendra v. Hadden,* 763 F.2d 69 (2d Cir.1985) and *Smith v. Swope,* 91 F.2d 260 (9th Cir.1937).

In *Kiendra,* "[t]he federal judgment and commitment order directed that Kiendra's sentence was to commence upon his release from the sentence then being served on the first state charge" and yet the marshals "refused to take him into custody upon his release from the first state sentence or even after the state court had asked them to do so." *Kiendra,* 763 F.2d at 72. Under such circumstances, his "sentence began to run on the date the federal court directed: on September 16, 1981, when we he was released from the state sentence he had been serving." *Id.* at 73.

*Swope* similarly involved an errant marshal whose actions clearly violated the commitment order.

The third decision cited for the proposition that the federal sentence should have started to run in October 1993 is *United States v. Croft,* 450 F.2d 1094 (6th Cir.

1971). The procedural history in *Croft,* in most respects, parallels that experienced by petitioner. And although *Croft* has been subject to criticism by at least one Circuit, *see Thomas,* 962 F.2d at 361–364, it was cited with approval by the Second Circuit in *Kiendra,* 763 F.2d at 73. Significantly, however, this Court—unlike the district court in *Croft*—did not harbor the view that petitioner's terms of incarceration would run together. *See Croft,* 450 F.2d at 1096 ("If appellant had been delivered by the Marshal to the federal prison, his [concurrent] state sentence [of two years] would have been served before the conclusion of his federal sentence of three years. Since he was first delivered to the state prison by the Sheriff, his federal sentence of three years would commence after his state sentence of two years.... No one, neither state nor federal judge, considered that appellant should serve more than three years, at the most.")

Indeed, possible concurrency was neither broached by any of the parties here, nor considered by the Court in October of 1993, for, at that time, petitioner stood simply as an accused in the state, having pled not guilty to the two indictments. Moreover, *had* petitioner been sentenced first in the state, his counsel would have been hard pressed to identify which purpose of sentencing (18 U.S.C. § 3553(a)(2)) would be advanced by running his federal sentence concurrently with the 4½ to 9 years he received for his state robbery and attempted manslaughter conviction as a second felony offender under New York State Penal Law § 70.06. Under the circumstances, additional incarceration for the federal offense certainly would seem to have been warranted. U.S.S.G. § 5G1.3(c).

For the reasons indicated, *Croft,* and the other cases cited by petitioner, are of little aid for present purposes. And, contrary to the position urged by petitioner, the Court understood that he would be returned to the state following his federal sentence as required under the writ of

habeas corpus ad prosequendum, and that his federal sentence would not commence until he was taken into custody by a marshal for transportation to a federal correctional facility. Also unconvincing is petitioner's claim that the marshal violated a provision of the commitment order.

## CONCLUSION

Petitioner has asked this Court to conclude that his "federal sentence of 21 ... months ran concurrent with his state sentence of 4½ ... to 9 ... years, and that at the conclusion of his state sentence [which has now occurred, he be] released from custody." (Pet'r's Mem. in Support at [unnumbered page] 4.) The articulated basis for the relief sought is that he is being illegally detained under an illegal federal sentence, either as imposed by the Court and/or as implemented by the marshal. Neither ground has been established.

■ In addition, petitioner's request for credit against his federal sentence must first be presented to the Bureau of Prisons before it is ripe for adjudication here.

Yet, one aspect of the present scenario is troubling. The state judge's order of concurrency has been ignored. How does this square, if at all, with principles of comity? Seemingly, it does not. But this question has not been included in the present application and it would be inappropriate for the Court to endeavor to resolve the issue *sua sponte*. However, it may, and, indeed, should be presented to the Bureau of Prisons. *See Barden v. Keohane*, 921 F.2d 476 (3rd Cir.1990)[3] (holding Bureau had discretion to order that prisoner receive credit against federal sentence for time spent serving state sentence where federal sentence imposed first and

---

**3.** The petitioner-appellant in *Barden* unsuccessfully sought to have the Bureau of Prisons designate, *nunc pro tunc*, his place of confinement for the state sentence as the facility for service of his federal sentence. Upon their summary rejection of his request, he filed a petition for a writ of habeas corpus, leading to a determination by the Third Circuit that the Bureau had the authority to grant such a

state judge clearly intended sentences to be served concurrently). If that application should be rejected, then petitioner may seek judicial review of the Bureau's determination.

In sum, petitioner's request for a writ of habeas corpus is denied *in toto*.

request, and the concomitant obligation to entertain the request.

Parenthetically, the petitioner here never asked to have the state facility designated as a site for his federal confinement (as authorized by 18 U.S.C. § 3621(b)) which, if requested and granted, presumably would have obviated the need for the present application.