NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ABEL TELLEZ VELAZQUEZ, *Petitioner*,

*v.*

THE HONORABLE SAM J. MYERS, Judge of the SUPERIOR COURT OF
THE STATE OF ARIZONA, in and for the County of MARICOPA,
*Respondent Judge*,

STATE OF ARIZONA, *Real Party in Interest*.

No. 1 CA-SA 17-0298
FILED 1-9-2018

Petition for Special Action from the Superior Court in Maricopa County
No. CR2017-0138142-001
The Honorable Sam J. Myers, Judge

**JURISDICTION ACCEPTED; RELIEF DENIED**

COUNSEL

Karina Ordonez Law Office PLLC, Phoenix
By Karina J. Ordonez
*Counsel for Petitioner*

Maricopa County Attorney's Office, Phoenix
By Robert E. Prather
*Counsel for Real Party in Interest*

---

**MEMORANDUM DECISION**

Presiding Judge Paul J. McMurdie delivered the decision of the Court, in which Judge Peter B. Swann and Judge James B. Morse Jr. joined.

---

**M c M U R D I E**, Judge:

**¶1**         Abel Tellez Velazquez seeks special action relief from the superior court's order denying his request to release him to the custody of the Immigration and Customs Enforcement ("ICE") agency, so that he can post a bond pursuant to a federal court order. For the following reasons, we accept jurisdiction, but deny relief.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**         On August 19, 2017, Velazquez was arrested for assaulting a uniformed police officer, who attempted to separate him from a fight with another man. Velazquez was charged with aggravated assault, a Class 4 felony, and resisting arrest, a Class 6 felony.

**¶3**         On August 20, 2017, Velazquez was released from custody on his "Own Recognizance." On the same day, ICE took Velazquez into custody and detained him in the Eloy Detention Center for purposes of removal proceedings. On September 8, 2017, Velazquez filed a Petition for Writ of Habeas Corpus *Ad Prosequendum* ("Writ") requesting that he be allowed to attend any hearings in superior court, but be remanded back to ICE custody once a state hearing was concluded. In response, the State filed its own petition for a Writ and requested Velazquez be kept in State custody until the State proceedings were concluded.

**¶4**         On September 12, 2017, the superior court issued a Writ addressed to the Warden of the Eloy Detention Center that ordered Velazquez to "remain in custody of the Sheriff of Maricopa County until all further proceedings are completed" in the State matter.

**¶5**         After Velazquez had been released to the State pursuant to the Writ, the immigration court ordered that Velazquez could be "released from custody under bond of $45,000." On October 9, 2017, Velazquez filed a motion to modify his release conditions with the superior court requesting he be released on his own recognizance, to the custody of a third party, or on bond, so he could appear in immigration court for an October 30 hearing.

2

Velazquez also provided a copy of a cashier's check for $45,000. On October 17, 2017, Velazquez filed an amended Motion to Modify Order of Habeas Corpus *Ad Prosequendum*, requesting he be released back to ICE custody to post the federal bond. On November 7, 2017, the superior court denied Velazquez's motion. Velazquez then filed a petition for special action with this court.

**¶6** On December 18, 2017, Velazquez changed his plea and pled guilty to resisting arrest. Under the terms of the plea agreement, Velazquez was to be placed on supervised probation, and the State would dismiss the aggravated assault charge. The court set time for a sentencing hearing to be held on January 18, 2018.

## JURISDICTION AND STANDARD OF REVIEW

**¶7** Special action jurisdiction is discretionary, but appropriate when no "equally plain, speedy, and adequate remedy by appeal" exists. Ariz. R.P. Spec. Act. 1(a). "Issues involving pretrial incarceration and release conditions become moot once a trial is conducted and any appeal can be filed." *Costa v. Mackey*, 227 Ariz. 565, 569, ¶ 6 (App. 2011). We accept special action jurisdiction pursuant to the Arizona Revised Statutes § 12-120.21(A)(4) and Arizona Rule of Procedure for Special Actions 1(a).

## DISCUSSION

**¶8** Velazquez contends the superior court abused its discretion by denying his motion to modify the conditions of the Writ and keeping him in custody "in a case where [he] has already been ordered released on his own recognizance." Velazquez further argues his rights to equal protection of the laws and due process were violated because he was treated disparately solely due to his immigration status and poses no risk of non-appearance in court proceedings.

**¶9** In reviewing a court's decision on a common-law writ, we restrict our review to "whether the lower court abused its discretion." *Caruso v. Superior Court*, 100 Ariz. 167, 172 (1966) (internal quotation omitted). Abuse of discretion occurs when "no evidence . . . supports the superior court's conclusion, or the reasons given by the superior court [are] 'clearly untenable, legally incorrect, or amount to a denial of justice.'" *In re Estate of Long*, 229 Ariz. 458, 464, ¶ 22 (App. 2012). "We will uphold the trial court's decision if it is correct for any reason." *Citibank (Ariz.) v. Van Velzer*, 194 Ariz. 358, 359, ¶ 5 (App. 1998).

**A.** **The Superior Court Did Not Abuse its Discretion by Refusing to Modify the Writ.**

**1.** **The Federal Government Has Primary Jurisdiction over Velazquez.**

¶10 "We live in the jurisdiction of two sovereignties, each having its own system of courts to declare and enforce its laws in common territory." *Ponzi v. Fessenden*, 258 U.S. 254, 259 (1922). To prevent conflicts of jurisdiction, "the situation requires . . . a spirit of reciprocal comity and mutual assistance to promote due and orderly procedure." *Id.* Therefore, "the court which first takes the subject-matter of the litigation into its control . . . must be permitted to exhaust its remedy, to attain which it assumed control, before the other court shall attempt to take it for its purpose." *Id.* at 260. Thus, "the first sovereign to arrest a defendant has priority of jurisdiction for trial, sentencing, and incarceration." *Thomas v. Brewer*, 923 F.2d 1361, 1365 (9th Cir. 1991); *Reynolds v. Thomas*, 603 F.3d 1144, 1152 (9th Cir. 2010), *abrogated on other grounds by Setser v. United States*, 566 U.S. 231 (2012). Because "each sovereign—whether the Federal Government or a State—is responsible for the administration of its own criminal justice system," these principles are equally applicable to the states and the federal government. *Setser v. United States*, 566 U.S. 231, 241 (2012) (internal quotation omitted).

¶11 Priority of jurisdiction may be relinquished by bail release, dismissal of the state charges, parole release, or expiration of the sentence. *United States v. Warren*, 610 F.2d 680, 684–85 (9th Cir. 1980); *United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005). Releasing a defendant on his own recognizance also releases priority of jurisdiction over the defendant. *See Taylor v. Reno*, 164 F.3d 440, 444 (9th Cir. 1998).

¶12 Here, the State released Velazquez on own recognizance on August 20, 2017. Arizona, therefore relinquished its priority of jurisdiction over Velazquez. *See Taylor*, 164 F.3d at 444. By his subsequent arrest, the federal government acquired priority of jurisdiction. *See Thomas*, 923 F.2d at 1365.

**2.** **The Writ of *Habeas Corpus ad Prosequendum* Did Not Extinguish the Federal Government's Primary Jurisdiction.**

¶13 A writ of *habeas corpus ad prosequendum* is a "[w]rit used in criminal cases to bring before a court a prisoner to be tried on charges other than those for which the prisoner is currently being confined." *Habeas Corpus*, Black's Law Dictionary (10th ed. 2014). The Writ is "the equivalent

of a request for temporary custody." *State v. Seay*, 232 Ariz. 146, 148, ¶ 7 (App. 2013); *Morgan v. United States*, 380 F.2d 686, 699 (9th Cir. 1967) ("The writ of *habeas corpus ad prosequendum* is proper to bring a prisoner under incarceration by state or federal court to trial for alleged violations of laws.").

**¶14**        A sovereign does not abandon or relinquish its priority of jurisdiction by transferring a defendant pursuant to the Writ. *Thomas*, 923 F.2d at 1366−67 ("When an accused is transferred pursuant to a writ of *habeas corpus ad prosequendum* he is considered to be "on loan" to the federal authorities so that the sending state's jurisdiction over the accused continues uninterruptedly.") (quoting *Crawford v. Jackson*, 589 F.2d 693, 695 (D.C. Cir. 1978)); *see also Reynolds,* 603 F.3d at 1152 (a federal government's writ of *habeas corpus ad prosequendum* was found to serve as a further indication the state had primary jurisdiction over defendant); *Taccetta v. Fed. Bureau of Prisons*, 606 Fed. Appx. 661, 663 (3d Cir. 2015) (citing *Rios v. Wiley,* 201 F.3d 257, 274–75 (3d Cir. 2000) (collecting cases)).

**¶15**        The sovereign with priority of jurisdiction retains custody of the defendant, even though the defendant was temporarily transferred to the requesting sovereign's jail pursuant to the Writ. *See Taylor,* 164 F.3d at 444 ("[B]ecause [petitioner] appeared pursuant to a valid writ of *habeas corpus ad prosequendum*, he was still in state custody when he was delivered to the federal court for the . . . hearing and for the . . . sentencing."); *see also Thomas v. Whalen,* 962 F.2d 358, 361, n.3 (4th Cir. 1992) ("A prisoner is *not even in custody* for purposes of [sentence computation] when he appears in federal court pursuant to a writ *ad prosequendum*; he is merely 'on loan' to federal authorities.") (emphasis added) (citing cases).

**¶16**        Moreover, the Writ is issued by a court, but it is addressed to the executive branch. When a state issues the Writ, the federal Bureau of Prisons will consider the Writ, *see* 28 C.F.R. § 527.30, but the Warden has discretion to reject the state's Writ and "shall authorize transfer *only when* satisfied that the inmate's appearance is necessary, that state and local arrangements are satisfactory, that the safety or other interests of the inmate . . . are not seriously jeopardized, and that federal interests . . . will not be interfered with, or harmed." 28 C.F.R. § 527.31(b) (emphasis added).

**¶17**        Once the Writ is executed and the defendant transferred, the principles of comity apply and the receiving state "must be permitted to exhaust its remedy." *Ponzi*, 258 U.S. at 260; *see Causey v. Civiletti,* 621 F.2d 691, 693 (5th Cir. 1980) ("[I]f a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss

of jurisdiction is only temporary."). Upon the complete disposition of the case and satisfaction of the Writ, the defendant must be returned to the sovereign with primary custody. *Delima v. United States*, 41 F. Supp. 2d 359, 363 (E.D.N.Y. 1999), *aff'd,* 213 F.3d 625 (2d Cir. 2000); *see also Dutton v. U.S. Attorney Gen.*, 713 F. Supp. 2d 194, 201 (W.D.N.Y. 2010) ("When a defendant is borrowed from the primary custodian via writ of habeas corpus *ad prosequendum,* principles of comity require the return of the defendant to the primary custodian when the prosecution has been completed.").

¶18        Here, by enabling the physical transportation of Velazquez to the Maricopa County jail, the federal government, in its discretion, loaned Velazquez to the State according to the Writ's terms "until all further proceedings are completed." *See* 28 C.F.R. § 527.31(b). Upon the completion of the Writ, the State promised to "[t]hereafter[] return ABEL TELLEZ VELAZQUEZ to the ELOY DETENTION CENTER from which his presence was obtained; the ICE facility at 2035 N. Central, Phoenix, Arizona; or to an ICE agent within a reasonable time." The State is entitled to first complete "all further proceedings," including sentencing currently scheduled for January 18, 2018, before it is obligated to return Velazquez to the federal government.

¶19        Because of Velazquez's "on loan" status, the federal government retains custody over Velazquez, although he is not physically incarcerated at its detention facility. *See Whalen,* 962 F.2d at 361, n.3. While the federal government issued an order regarding its custody and "released [Velazquez] from custody under bond of $45,000," Velazquez has not posted the federal bond. Once the bond is posted, the Maricopa County Sheriff should release Velazquez because Velazquez is not in State custody, but merely "on loan." *See Taylor,* 164 F.3d at 444; *Whalen,* 962 F.2d at 361, n.3.

¶20        Velazquez argues his physical presence in the immigration court is necessary to post the bond. However, in its order the immigration court did not expressly mandate Velazquez's presence to post the bond. And Velazquez has not presented any authority that would support his argument that his presence in federal court is necessary to post the bond. Until Velazquez posts the bond and meets the federal conditions of release, the State is obligated to enforce the conditions of the Writ that promised the State would hold Velazquez incarcerated until the proceedings conclude.

¶21        Because the State is not at liberty to release Velazquez during his "on loan" status without the federal government's authorization, the

superior court did not abuse its discretion by keeping Velazquez in jail pursuant to the Writ.[1]

## CONCLUSION

**¶22**　　　　For the reasons stated above, we accept special action jurisdiction, but deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA

---

[1]　　　Because we conclude that the superior court was not authorized to release Velazquez under the terms of the Writ until he complied with the federal release conditions, we do not address the other arguments raised by Velazquez. *See In re Eric L.*, 189 Ariz. 482, 486 (App. 1997) (the court does not need to review other arguments if one argument is dispositive).