**John Oliver BURWELL, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 22306.**

United States Court of Appeals
Fifth Circuit.

Nov. 24, 1965.

John C. Ciolino, Asst. U. S. Atty., New Orleans, La., Louis C. LaCour, U. S. Atty., for appellee.

Before WISDOM and COLEMAN, Circuit Judges, and BENJAMIN C. DAWKINS, Jr., District Judge.

PER CURIAM:

This is an appeal from the denial of a petition for correction, under 28 U.S.C. § 2255, of a so-called "illegal sentence."

Appellant contends that, on September 21, 1962, when he appeared, under Rule 20 F.R.Crim.Proc., for sentencing upon his pleas of guilty to two indictments charging him with violations of 18 U.S.C. § 2314, the District Judge imposed two sentences of five years each to "run with each other"—concurrent sentences. Hence, he contends he was sentenced to a total of 5 years imprisonment.

As originally prepared by the official court reporter the transcript of the sentencing proceedings did indeed read that way. However, on October 26, 1964, the reporter filed an affidavit with the Court wherein he deposed that the sentencing judge actually had said that the sentences were to run *"consecutively with each other"* (emphasis added), instead of as transcribed at first, the word "consecutively" having been omitted inadvertently. The reporter's stenotype notes clearly showed this to be the case; and, of course, this governs. Henley v. Heritage, 5 Cir. 1964, 337 F.2d 847. The clerk's minutes and the official judgments of commitment are to the same effect.

At the time he was sentenced appellant was serving a six-year state sentence for burglary, having been "borrowed" by federal authorities to answer to the federal charges. In his sentences rendered herein the District Judge did not specify whether the federal sentences were to run consecutively to or concurrently with the state sentence. Appellant contends, therefore, that the sentences should be construed as running concurrently.

This is not the law. The rule is that, in such cases, the federal sentences run only from the date upon which the prisoner is received at a federal correctional institution. 18 U.S.C. § 3568; cf. Harrell v. Shuttlesworth, 5 Cir. 1952, 200 F.2d 490.

For these reasons we find the judgment of the district court to be correct. It is

Affirmed.