**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Alphonse KANTON, Defendant-Appellant.**

**No. 15565.**

United States Court of Appeals Seventh Circuit.

June 9, 1966.

See also 7 Cir., 345 F.2d 427.

Alphonse Kanton, for appellant.

Edward V. Hanrahan, U. S. Atty., Chicago, Ill., for appellee, John Peter Lulinski, Lawrence Jay Weiner, Lawrence T. Stanner, Asst. U. S. Attys., of counsel.

Before DUFFY, CASTLE and SWYGERT, Circuit Judges.

PER CURIAM.

On May 8, 1958, defendant Kanton was indicted on two counts charging violation of Title 18 U.S.C., § 2113. The Government elected to proceed on count 1 which charged that defendant and two others had put in jeopardy the life of an employee of the federally-insured Riverside Savings & Loan Association by the use of firearms, and had robbed that institution of $1,716.50. Kanton was tried separately and was convicted. On appeal to this Court, the conviction was affirmed in United States of America v. Kanton, 7 Cir., 264 F.2d 588 (1959).

Prior to his trial in the District Court, Kanton had been incarcerated in the Cook County, Illinois jail while awaiting trial on a state charge. He was produced for trial in the Federal District Court pursuant to writ of *habeas corpus ad prosequendum*. After the trial, conviction and sentence in the District Court, he was returned to the state authorities.

On October 7, 1958, in an Illinois state court, Kanton was convicted and received a sentence of one year and one day. On September 7, 1959, defendant was released by the State Prison authorities and was immediately taken into custody by the United States Marshal, and transported to the federal penitentiary at Leavenworth, Kansas. The officials at that prison entered on his record that his federal sentence of twenty-five years began to run on September 7, 1959, the day he had been released by the Illinois prison authorities.

Defendant now appeals from the denial of his second Rule 35 motion.[1] Defendant contends that his federal court sentence should have commenced to run from the date of imposition of the sentence, to-wit: June 26, 1958.

Title 18 U.S.C., § 3568 provides, *inter alia*, that the sentence of imprisonment:

"[S]hall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of said sentence * *.

"If any such person shall be committed to a jail or other place of detention to await transportation to the place at which his sentence is to be served, his sentence shall commence to run from the date on which he is received at such jail or other place of detention."

The defendant was properly returned to the State of Illinois authorities for disposition of the state charges against him. Under the provisions of Title 18 U.S.C. § 3568, his federal sentence could not commence until he was released by the State of Illinois and held for transportation to the place of federal confinement. The record does not reveal any intent by the District Court to have the execution of the federal sentence commence at any time other than as provided for in 18 U. S.C., § 3568. Absent clear intent to have defendant's sentence run concurrently with any state sentence, the execution of his federal sentence did not begin to run until the United States Marshal assumed

---

1. Defendant's first motion asking correction of sentence under Rule 35, F.R.Cr.P. was based on reasons other than those presently alleged. The order of the District Court denying this first motion was affirmed by this Court in Kanton v. United States, 7 Cir., 345 F.2d 427 (1965).

custody over him at his place of detention to await transportation to the federal penitentiary. Gunton v. Squier, 9 Cir., 185 F.2d 470.

This case was submitted to us upon the briefs of the parties and without oral argument.

Affirmed.