**Frank Sepulveda CASADOS, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 27192**

**Summary Calendar.**

United States Court of Appeals Fifth Circuit.

July 14, 1969.

Frank Sepulveda Casados, pro se.

Ted Butler, U. S. Atty., Reese L. Harrison, Jr., Asst. U. S. Atty., San Antonio, Tex., for respondent-appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

■ Pursuant to new Rule 18 of the rules of this Court we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I.

The District Court denied the petition of Frank Sepulveda Casados for a correction of sentence, Rule 35, F.R. Crim.P. We affirm.

Casados sought an order directing the Attorney General to compute his federal sentence as having commenced on March 24, 1960, rather than on November 19, 1962.

The facts are not in dispute. Casados received a Colorado state sentence on March 9, 1960, upon conviction for a felony. On or about March 16, 1960, by authority of a writ of habeas corpus ad prosequendum he was removed from the Colorado State Penitentiary for a felony trial in federal court. After a jury trial he was convicted on March 24, 1960, and sentenced to imprisonment for twenty years. We allowed an appeal and affirmed. Casados v. United States, 5 Cir., 1962, 300 F.2d 845. After he completed service of the state sentence on November 19, 1962, the appellant was returned to federal custody for service of his federal sentence.

Casados now contends that the federal sentencing court intended for his sentence to begin immediately, which could not be altered by the action of the United States Marshal in returning him to the Colorado State prison.

The District Court held that the appellant had merely been "loaned" to the United States for the limited purpose of trial, as shown by the writ of habeas corpus ad prosequendum itself; and that this was a matter of comity between sovereigns of which the appellant cannot be heard to complain. Many cases support this holding, from Ponzi v. Fessenden, 1922, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607, to Bullock v. Mississippi, 5 Cir., 1968, 404 F.2d 75. The Court below held further that the sentencing judge intended for the appellant's federal sentence to be served consecutively to his state sentence, as shown by the transcript of the sentencing proceedings. We agree.

In his motion for rehearing below, the appellant contended that when this Court on April 17, 1961, purported to grant him leave to appeal in forma pauperis from a denial of relief under 28 U.S.C. § 2255, it thereby held that he was then in federal custody, since § 2255 relief is available only to one who is in such custody. The District Court observed that when this Court affirmed, 300 F.2d 845, we stated that "we have treated the case as though it were on direct appeal", recognizing, as we did, that the appellant remained in state custody.

■ Section 3568 of Title 18, United States Code, provides, in part, that a

federal sentence "shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence". The District Court's ruling that appellant was so received on November 19, 1962, to commence service of his federal sentence is manifestly correct. United States v. Kanton, 7 Cir., 1966, 362 F.2d 178, cert. denied 386 U.S. 986, 87 S.Ct. 1298, 18 L.Ed.2d 239; Burwell v. United States, 5 Cir., 1965, 353 F.2d 88; Burge v. United States, 8 Cir., 1964, 332 F.2d 171, cert. denied 379 U.S. 883, 85 S.Ct. 155, 13 L.Ed.2d 89.

The judgment of the District Court is Affirmed.