**Andrew Corenthius BLACKSHEAR, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 28970**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Nov. 3, 1970.

---

* Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F.2d 409, Part I.

Andrew Corinthius Blackshear, pro se.

John W. Stokes, Jr., U. S. Atty., Kendell W. Wherry, Asst. U. S. Atty., Orlando, Fla., for appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

The sole question presented in this appeal is whether the appellant's federal sentence commenced to run on the date of its imposition, February 1, 1968, or on a later date. The district court denied relief to the prisoner, Appellant Blackshear, and we affirm.

At the time of appellant's trial, February 1, 1968, he was a prisoner of the State of Florida. He was brought into federal court for the purpose of trial by an order in response to the government's petition for a writ of habeas corpus ad prosequendum. In effect he was borrowed from the State of Florida for purposes of the federal trial.

On the date set for trial Blackshear pled guilty to one count and five counts were dismissed upon motion of the government. The court sentenced him to serve two years, and Blackshear took no direct appeal. Upon being sentenced Blackshear was remanded to the custody of the United States Marshal who immediately returned him to the Florida authorities for completion of his state sentence.

Blackshear now claims that his federal sentence commenced to run on the date it was imposed because the trial judge told him in open court, "The sentence starts today." In other words, Blackshear claims that he has completed the service of his federal sentence in the two years that he has spent in the Florida prison serving his Florida sentence. We disagree.

The record reflects that the trial court did not state that the sentence would begin on the date sentence was pronounced. On the contrary, at the time appellant was sentenced the trial judge was specifically asked whether he intended for the federal sentence to run concurrently with the state sentence. In reply the judge stated:

"I don't think it is necessary because he will not begin his Federal sentence until he has been delivered to the custody of the United States Marshal for a place of confinement."

This comports with the provision of 18 U.S.C.A. § 3568 that a federal sentence "shall commence to run from the date on which [the] person is received at the penitentiary, reformatory, or jail for service of such sentence." Blackshear could not be received by the federal authorities for service of his federal sentence until he was released by the Florida authorities. The time served on his federal sentence does not, therefore, commence to run until such time as he is released by the State of Florida and delivered to the federal authorities for confinement. Casados v. United States, 5 Cir. 1969, 413 F.2d 291; Burwell v. United States, 5 Cir. 1965, 353 F.2d 88.

Affirmed.