**UNITED STATES of America,**
**Plaintiff,**

v.

**Jackie Vester FARMER,**
**Defendant.**

**Crim. A. No. 7058.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

Jan. 27, 1972.

John L. Bowers, Jr., U. S. Dist. Atty., Knoxville, Tenn., for plaintiff.

Jimmy W. Stambaugh, Stambaugh & Beckner, Morristown, Tenn., for defendant.

### MEMORANDUM

NEESE, District Judge.

On December 11, 1970 the defendant Mr. Farmer was committed to the custody of the Attorney General or his autho-

rized representatives herein. At that time he was serving a sentence in a state penitentiary pursuant to the judgment of a state court. He was paroled by the state authorities on October 18, 1971 and commenced on that date the service of his federal sentence in a place of confinement designated by the Attorney General or his authorized representatives.

Mr. Farmer claims to the federal prison authorities that he was told at the time of his federal sentencing that his sentence herein would commence on the date he was sentenced. Such a statement was not made by or on behalf of this Court. The federal prison authorities have inquired whether it was the intention of this Court that Mr. Farmer's federal sentence run concurrently with the time he served in the state penitentiary. This Court's judgment was correctly reflected in the judgment and commitment herein.

 This Court has no authority to adjudge that its sentence imposed upon a federal prisoner run either consecutively to or concurrently with a state sentence imposed on the same prisoner. A federal sentence of imprisonment of any person convicted of an offense commences to run from the date such person is received at the federal institution for service of such sentence, with the Attorney General giving any such person credit toward service of such sentence for any days spent in custody in connection with the offense or acts for which the sentence was imposed. 18 U.S.C. § 3568. Where a federal sentence is imposed while the prisoner is serving a state sentence, the federal sentence cannot commence until the prisoner is released by the state authorities and held for transportation to the place of federal confinement. United States v. Kanton, C.A. 7th (1966), 362 F.2d 178, 179–180.

 Only the Attorney General or his authorized representatives may designate the place of confinement where a federal sentence shall be served. 18 U.S. C. § 4082; Hamilton v. Salter, C.A. 4th (1966), 361 F.2d 579, 581 [2]. If the Court undertook to provide in its judgment that a federal sentence imposed would run concurrently with a state sentence the same prisoner is serving, the effect would be a designation by the Court, rather than by the Attorney General, of the place of confinement where the sentence should be served. *Idem.* Therefore, even if this Court had provided in its judgment and commitment of Mr. Farmer that any portion of his sentence herein should be served in the Tennessee state penitentiary, such designation of the place of federal confinement would have been considered surplusage. *Idem.* Such matters address themselves to the Attorney General or his authorized representatives and not to this Court.