**Monroe VAUGHN, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 76–2201.

United States Court of Appeals, Sixth Circuit.

Submitted Jan. 11, 1977.

Decided Jan. 20, 1977.

Monroe Vaughn, pro se.

Frederick M. Coleman, U. S. Atty., Clarence B. Taylor, Asst. U. S. Atty., Cleveland, Ohio, for respondent-appellee.

Before PHILLIPS, Chief Judge, and PECK and LIVELY, Circuit Judges.

PER CURIAM.

Monroe Vaughn appeals from the decision of the District Court denying his petition for credit toward his federal court sentence "for time served in prison while on state court sentence."

The appeal has been assigned for consideration under Sixth Circuit Rule 3(e).[1]

Vaughn was arrested by federal agents in March, 1972, for unlawful possession of stolen mail in violation of 18 U.S.C. § 1708. While free on bond, he was arrested in August, 1972, by officers of Cuyahoga County, Ohio, for violation of state drug laws. Pending trial on the state charges he was detained in the Geauga County jail.

In March, 1973, a writ of *habeas corpus ad prosequendum* was issued so that Vaughn could be tried in the United States District Court. On March 23, 1973, he was found guilty of the federal charges and sentenced to three years imprisonment pursuant to 18 U.S.C. § 4208(a)(2). At the time sentence was imposed, District Judge William K. Thomas informed Vaughn that his federal "sentence does not start until you become a federal prisoner."

Vaughn was returned to state authorities on March 23, 1973. In May, 1973, he was found guilty of the State of Ohio charges and imprisoned. He is presently serving his state sentence in a state prison and has never been confined in a federal prison.

18 U.S.C. § 3568 provides as follows:
The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence.

If any such person shall be committed to a jail or other place of detention to await transportation to the place at which his sentence is to be served, his sentence shall commence to run from the date on which he is received at such jail or other place of detention.

In the order from which the present appeal is taken, Judge Thomas said:
Since Vaughn has not yet become a federal prisoner, and since his imprisonment by the State of Ohio results from an unrelated state charge, credit for the time served in state custody may not be granted on his federal sentence. For these reasons Vaughn's motion is hereby denied.

The decisions of the circuits which have considered this question unanimously sup-

---

1. 3(e) *Docket Control.* In the interest of docket control, the chief judge may from time to time, in his discretion, appoint a panel or panels to review pending cases for appropriate assignment or disposition under Rules 7(e), 8 or 9 or any other rule of this court.

port the conclusion of the District Court in the present case. *Gomori v. Arnold,* 533 F.2d 871 (3rd Cir. 1976); *Chaney v. Ciccone,* 427 F.2d 363 (8th Cir. 1970); *Casados v. United States,* 413 F.2d 291 (5th Cir. 1969); *United States v. Kanton,* 362 F.2d 178 (7th Cir. 1966), *cert. den.,* 386 U.S. 986, 87 S.Ct. 1298, 18 L.Ed.2d 239 (1967). This conclusion also is supported by the reported decision of the late District Judge Mac Swinford in *Mitchell v. Shank,* 105 F.Supp. 274 (E.D.Ky.1952), and the opinion of District Judge Charles G. Neese in *United States v. Farmer,* 343 F.Supp. 955 (E.D.Tenn.1972). See also *United States v. Rumbough,* 393 F.2d 396, 397 (6th Cir. 1968).

Vaughn relies upon the decision of this Court in *United States v. Croft,* 450 F.2d 1094 (6th Cir. 1971). We hold that *Croft* is not controlling under the facts here involved. In that case the defendant was imprisoned on a state charge while on bond in connection with a federal charge and was returned to state custody after having been released to federal marshals and sentenced to three years on the federal charge. Subsequent to the imposition of the federal sentence, two state sentences were imposed, to run concurrently with the federal sentence. This Court held that under the facts of that case the defendant was entitled to credit on his federal sentence for the time served in state prison. In the present case, unlike *Croft,* neither the District Court nor the State Court directed that the sentences run concurrently with each other. Vaughn is being held in state prison solely to serve his state sentence, totally unrelated to his federal sentence.

The Court concludes that it is manifest that the questions on which the decision of this appeal depends are so unsubstantial as not to need further argument. Sixth Circuit Rule 8.

Affirmed.