UNITED STATES of America, Plaintiff,

v.

**Robert Thomas SHELTON et al., Defendants.**

Crim. A. No. 1395.

United States District Court,
E. D. Tennessee,
Winchester Division.

Order July 25, 1978.

On Petition to Rehear Sept. 5, 1978.

On Further Motion to Rehear
Sept. 20, 1978.

John H. Cary, Jr., U. S. Atty., Knoxville, Tenn., for plaintiff.

Jesse Orion Prince, pro se.

### ORDER

NEESE, District Judge.

The defendant Mr. Jesse Orion Prince filed herein an application for the writ of error coram nobis. " * * * Writs of error coram nobis * * * are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these [Federal] [R]ules [of Civil Procedure] or by an independent action." Rule 60 Federal Rules of Civil Procedure. However, they remain available as a step in a criminal case, such as this, as a means to challenge a conviction after a person has served a sentence imposed upon him. *United States v. Morgan* (1954), 346 U.S. 502, 505, 74 S.Ct. 247, 248, 98 L.Ed. 248, 253–254 fn. 4[7].

Mr. Prince was committed on July 31, 1975 to the custody of the Attorney General or his authorized representative for imprisonment for a term of 5 years on count 2 of the indictment herein. At that time, he was in the custody of agents of the state of Tennessee serving a sentence for another offense or other offenses. He alleges he remains in confinement at the Tennessee state penitentiary, Nashville, Tennessee.

Thus, Mr. Prince has neither served the sentence imposed upon him on July 31, 1975 herein nor commenced the service thereof. Under the provisions of 18 U.S.C. § 3568, Mr. Prince cannot commence the service of his sentence herein until he is released by the state of Tennessee and held for transportation to the place of his federal confinement. *United States v. Kanton*, C.A. 7th (1966), 362 F.2d 178, 179–180, certiorari denied (1967), 386 U.S. 986, 87 S.Ct. 1298, 18 L.Ed.2d 239.

The Court has considered also whether Mr. Prince's application might qualify as a motion to vacate and set aside the judgment of conviction of July 31, 1975 herein, 28 U.S.C. § 2255, because he utilized the form provided for by Rule 2(b), Rules Governing Section 2255 Proceedings for the United States District Courts. It cannot be so treated. Mr. Prince does not claim the right to be released upon the ground that the aforementioned sentence was imposed upon him in violation of the Constitution or laws of the United States, nor that this Court lacked jurisdiction to impose such sentence, nor that the sentence was in excess of the maximum authorized by law, nor that it otherwise is subject to collateral attack, *idem.*; his complaint relates to the final revocation of his probation.[1]

The applicant Mr. Jesse Orion Prince hereby is

DENIED all relief, for the reasons delineated above.

### ON PETITION TO REHEAR

The defendant Mr. Jesse Orion Prince filed herein a petition to rehear, or alternatively, a motion to appeal in forma pauperis from this Court's order herein of July 25, 1978.[2]

The petition to rehear hereby is

DENIED.

The motion to appeal in forma pauperis hereby is DENIED for not being in compliance with Rule 24(a), Federal Rules of Appellate Procedure.

### ON FURTHER MOTION TO REHEAR

The motion herein of September 14, 1978 of the defendant Mr. Prince to be allowed to appeal from this Court's order herein of July 25, 1978 in forma pauperis hereby is again DENIED for not being in compliance with Rule 24(a), Federal Rules of Appellate Procedure.[3]

---

1. Specifically, the applicant claims (1) that the assistance of counsel he received from his retained attorney on that hearing was ineffective, in that such counsel did not appeal from the order revoking probation, and (2) that he was thus deprived of his right to appeal.

2. The document filed by the defendant was more in the nature of a threat to the undersigned judge than a legal pleading.

3. " * * * A party to an action in a district court who desires to proceed on appeal in forma pauperis shall file in the district court a motion for leave so to proceed, together with an affidavit showing, in the detail prescribed by Form 4 of the Appendix of Forms, his inability to pay fees and costs or to give security therefor, his belief that he is entitled to redress, and a statement of the issues which he intends to present on appeal. * * * " Rule 24(a), Federal Rules of Appellate Procedure.