811 F.2d 604
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Earl Clifton FLEMING, Petitioner-Appellant,
v.
Bill STORY, Warden, Respondent-Appellee.
 No. 86-5280.
 United States Court of Appeals, Sixth Circuit.
 Dec. 9, 1986.
 
 Before JONES and RYAN, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 The petitioner appeals the order dismissing his pro se habeas action under 28 U.S.C. Sec. 2241. He now moves for the appointment of counsel. That motion was referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 2
 The petitioner is a federal prisoner serving a sentence imposed as a result of a 1982 conviction in the District Court for the District of South Carolina. That sentence was to run consecutively to a state sentence then being served by the petitioner in North Carolina. Upon his release from North Carolina custody in April, 1982, however, the petitioner was transferred to South Carolina to serve the remainder of a state sentence resulting from a 1981 parole revocation. In October, 1983, a state judge clarified the revocation order by providing that the petitioner's sentence thereunder would be "completely satisfied" upon completion of the North Carolina sentence. The petitioner was then released to federal authorities to begin service of his 1982 federal sentence.
 
 
 3
 In this pro se action, the petitioner asserts that, as a result of the 1983 clarification of the parole revocation order, his incarceration in South Carolina from April, 1982 to October, 1983 was a nullity and that he should be given credit for that time toward his federal sentence. The district court denied relief on grounds no such credit was due because that period of incarceration was not the result of any action by federal authorities. This timely appeal followed.
 
 
 4
 Under 18 U.S.C. Sec. 3568, a federal sentence does not commence until the prisoner is delivered to the custody of federal authorities. Vaughn v. United States, 548 F.2d 631 (6th Cir.1977) (per curiam ). The fact the prisoner serves prior intervening state sentences does not entitle him to credit for that time toward the federal sentence. See, e.g., Taylor v. Baker, 284 F.2d 43 (10th Cir.1960), cert. denied, 365 U.S. 814 (1961). Although there is an exception to that rule in cases where the state incarceration is attributable to action by federal authorities, a prisoner must show the federal action is the exclusive reason for that incarceration. United States v. Blankenship, 733 F.2d 433 (6th Cir.1984); United States v. Dovalina, 711 F.2d 737, 740 (5th Cir.1983). The district court did not err in finding no such federal involvement in this case and in denying the relief sought.
 
 
 5
 It is ORDERED that the motion for appointment of counsel be and it hereby is denied.
 
 
 6
 Upon examination of the record and the petitioner's informal brief, this panel agrees unanimously that oral argument is not needed in this appeal. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 7
 It is ORDERED further, therefore, that the district court's order of February 21, 1986, dismissing this action be and it hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.