38 F.3d 1215
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Wardell COLEMAN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-5127.
 United States Court of Appeals, Sixth Circuit.
 Oct. 17, 1994.
 
 1
 Before: KEITH and DAUGHTREY, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 This pro se federal prisoner appeals a district court order dismissing his motion to vacate, set aside or correct sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Following a jury trial in 1973, Wardell Coleman was convicted of bank robbery and putting lives in jeopardy in violation of 18 U.S.C. Sec. 2113(a) and (d). He was sentenced to serve a term of twenty-five years of imprisonment. His conviction and sentence were affirmed on appeal. United States v. Coleman, Nos. 73-2167 and 73-2168 (6th Cir. Apr. 19, 1974), cert. denied, 419 U.S. 855 (1974). Shortly after his trial on federal charges, Coleman was convicted by an Indiana state court on unrelated state charges, including assault and battery with intent to kill, armed robbery and kidnapping, for which he received a life sentence. See Coleman v. State, 339 N.E.2d 51 (Ind.1975). In March, 1991, Coleman was paroled by Indiana authorities and began serving the twenty-five year federal sentence.
 
 
 4
 In his motion to vacate, Coleman sought credit for time served while in state custody. He maintained that the federal sentence should be served concurrently with his state sentence. A magistrate judge recommended that the motion be dismissed, and the district court adopted the recommendation over Coleman's objections.
 
 
 5
 Upon review, we conclude that the motion to vacate was properly dismissed. Coleman has not shown a fundamental defect in the proceedings that inherently results in a miscarriage of justice or an error so egregious that it amounts to a violation of due process. See United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993). Alternatively, the motion to vacate was properly dismissed because a challenge to the execution of sentence must be brought through a petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2241 in the district court having jurisdiction over the petitioner's custodian. See United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir.1991). The record shows that Coleman was in custody in Lewisburg, Pennsylvania, when he filed his request for relief from sentence. The United States District Court for the Western District of Kentucky, where the underlying motion was filed, lacked jurisdiction to review a challenge to the execution of sentence. Nonetheless, even when the matter is reviewed as a motion to vacate sentence, Coleman has not shown that he is entitled to relief.
 
 
 6
 As noted by the magistrate judge in the report adopted by the district court, Coleman's claims have no support in the record or in law. Neither the transcript of sentencing nor the judgment and commitment reflect an intention by the district court that Coleman's federal sentence be served concurrently with any subsequent state sentence. The sentencing statute applicable to offenses committed before November 1, 1987, directs that the sentence of a person convicted of a federal offense "shall commence to run from the date on which such person is received at the penitentiary, reformatory or jail for service of such sentence." 18 U.S.C. Sec. 3568; Thomas v. Whalen, 962 F.2d 358, 359 (4th Cir.1992). Because Coleman was not received into federal custody until March, 1991, he is not entitled to credit for time spent in state custody prior to that time.
 
 
 7
 Although the Sixth Circuit has recognized an exception to this rule in United States v. Croft, 450 F.2d 1094, 1098-99 (6th Cir.1971), the exception does not apply in this case. Following his conviction and commitment to the custody of a United States marshal to begin serving his sentence, the defendant in Croft was delivered to state authorities, convicted on unrelated state charges and incarcerated in a state prison. When the defendant was received into federal custody upon his release from state prison, he was awarded credit for time served in state custody. The court theorized that the marshal erred by failing to properly execute the commitment order. Id. The decision in Croft is limited; the exception to 18 U.S.C. Sec. 3568 only applies to circumstances in which a state court orders its sentence to run concurrently with the previously imposed federal sentence. Vaughn v. United States, 548 F.2d 631, 633 (6th Cir.1977) (per curiam). Under Indiana law, a state court is not authorized to order a sentence imposed by it to run concurrently with a federal sentence. E.g., Carrion v. State, 619 N.E.2d 972, 974 (Ind.Ct.App.1993) (sentences to penal institutions of different jurisdictions are cumulative and not concurrent). Thus, Coleman's claim that he is entitled to credit for time spent in state custody is wholly meritless.
 
 
 8
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation