**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 4 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

GLENN L. BAYLEY,

     Petitioner-Appellant,

v.

PAGE TRUE, Warden; ED CROSLEY,
General Counsel/National Inmate Appeals,
United States Federal Bureau of Prisons,
Washington, D.C.,

     Respondents-Appellees.

No. 97-3223
(D.C. No. 96-CV-3101)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR, BRORBY,** and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore
ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Federal prisoner Glenn Lee Bayley appeals *pro se* the district court's dismissal of his 28 U.S.C. § 2241 habeas petition challenging the Bureau of Prison's calculation of his term of incarceration. Specifically, Mr. Bayley seeks credit toward his current term of imprisonment for time spent in the custody of the State of Idaho for what he characterizes as "essentially the same conduct."[1] We review the district court's dismissal of Mr. Bayley's habeas petition *de novo*, *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996), and affirm.

Mr. Bayley was arrested by Idaho state authorities on July 30, 1987. While incarcerated on state charges, but prior to state trial, Mr. Bayley was "borrowed" for production in federal court via a writ of *habeas corpus ad prosequendum*. On December 23, 1987, the United States District Court for the District of Idaho sentenced Mr. Bayley to five years imprisonment after he pleaded guilty to two counts of mail theft in violation of 18 U.S.C. § 1708. Mr. Bayley then was returned to state custody for state proceedings.

---

[1] We note Mr. Bayley does not raise on appeal the wealth-based discrimination issue or other issues in his original petition related to credit for time spent in custody prior to January 15, 1988. Nor does he challenge the district court's denial of his motion to amend his petition to add a new claim. Accordingly, we deem those issues waived.

On January 15, 1988, Mr. Bayley was convicted on state forgery charges and sentenced to three to five years imprisonment to "run concurrent with any time served in the Federal Institution." Mr. Bayley was committed to a state institution in accordance with the state court's commitment order.

On March 17, 1988, the federal government again "borrowed" Mr. Bayley from the state facility pursuant to a writ of *habeas corpus ad prosequendum*. This time Mr. Bayley was transported to the District of Colorado, where he was convicted on July 22, 1988 of possession of stolen mail and bank fraud and sentenced to two concurrent five-year terms, to run consecutive to the prior state and federal sentences. Mr. Bayley therefore faced an aggregate ten-year sentence stemming from the federal charges in Idaho and Colorado. (Doc. 23 at 3.)

Following his conviction in Colorado federal court, federal officials returned Mr. Bayley to the Idaho Department of Correction. He served his state sentence in an Idaho facility until he was received into federal custody at the Federal Correctional Institution, El Reno, Oklahoma, on September 9, 1988. Once received in federal custody, the federal Bureau of Prisons credited Mr. Bayley's federal sentence for presentence time spent in state custody from the date of his arrest, July 30, 1987, through September 8, 1988.

Mr. Bayley was paroled from his state and federal sentences on the same date, November 28, 1990. However, he was arrested in June 1993 for violating the conditions of his parole. When computing his parole violator term, the Bureau of Prisons audited the computation of Mr. Bayley's original sentence, in accordance with regulation. The audit revealed the Bureau of Prisons erroneously had given Mr. Bayley credit for the period January 15, 1988 through September 8, 1988, during which he remained in state custody serving his state sentence. Accordingly, the Bureau of Prisons computed Mr. Bayley's parole violator term to include credit only for that time he spent in state custody from arrest to state sentencing -- July 30, 1987 through January 14, 1988. This adjustment is the subject of Mr. Bayley's appeal.

The United States Attorney's office recently informed us Mr. Bayley was released from federal custody on February 4, 1998, and is now serving a term of parole for the State of Idaho. Because the record indicates Mr. Bayley was released from federal custody via mandatory release prior to serving his full term, and because parole, be it state or federal, constitutes custody for purposes of federal habeas corpus jurisdiction, *see Jones v. Cunningham*, 371 U.S. 236, 243 (1963) (state parolee is in custody as required for habeas corpus jurisdiction); *Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981) (federal parolee is in

custody as required for habeas corpus jurisdiction), we will assume, without deciding, Mr. Bayley remains "in custody" for purposes of considering his request for habeas corpus relief.

Mr. Bayley asserts that as a result of his transport and detention pursuant to federal writs of *habeas corpus ad prosequendum* and the fact that his conviction in Idaho federal court preceded his state conviction, the federal government had "priority of jurisdiction" over him. Thus, according to Mr. Bayley, he was in federal custody and began serving his federal sentence prior to his arrival at a federal prison on September 9, 1988. Mr. Bayley argues his return to Idaho state prison facilities after his conviction in Colorado federal court was simply a "mistake," as evidenced by the fact the state court ordered his sentence to run concurrent with his federal sentence, and therefore understood him to already be serving his federal sentence. Mr. Bayley further asserts he is entitled to credit for time spent in state prison serving his state sentence because his state sentence for forgery and his federal sentences for mail theft and bank fraud "arose from essentially the same conduct." These arguments are without merit.

The law in this circuit with regard to primary jurisdiction over prisoners in criminal cases is clear:

> [T]he [sovereign] which first takes custody of a prisoner in criminal cases is entitled to the custody of the prisoner until final disposition of the proceedings in that court, but during this time the prisoner is not immune from prosecution by the other sovereign. When a state surrenders one of its prisoners to the federal government for the purpose of trial on charges pending there, a judgment and sentence upon conviction in the federal court does not begin to run, if the prisoner is delivered back to state authorities, until the prisoner is thereafter returned to federal custody and received at a federal penal institution for service of his sentence. 18 U.S.C. § 3568.

*Williams v. Taylor*, 327 F.2d 322, 323 (10th Cir.) (citations omitted), *cert. denied*, 377 U.S. 1002 (1964); *see also Hernandez v. United States Attorney Gen.*, 689 F.2d 915, 919 (10th Cir. 1982).

Mr. Bayley offers no cogent argument or authority to distinguish his situation from this precedent. The State of Idaho was the first to arrest and take Mr. Bayley into custody. Although the State twice surrendered Mr. Bayley to the federal government for prosecution and sentencing on federal charges, each time he was returned to the State. The time Mr. Bayley spent in state custody after his January 15, 1988 conviction on state charges -- the time at issue here -- was time credited toward the completion of his state sentence.

Courts have long-recognized Congress' intent that 18 U.S.C. § 3568 provide credit for pretrial and trial custody, not time spent in custody after sentencing. *See Sinito v. Kindt*, 954 F.2d 467, 469-70 (7th Cir. 1992); *Shelvy v. Whitfield*, 718

F.2d 441, 444 (D.C. Cir. 1983). Thus, once Mr. Bayley began serving his state sentence on January 15, 1988, it mattered not whether there was any connection between Mr. Bayley's state and federal charges. Moreover, the fact the state court intended his sentence to run concurrent with any federal sentence imposed and agreed to transfer Mr. Bayley to a federal prison prior to September 8, 1988 cannot be used to circumvent the statutory mandate that Mr. Bayley's federal sentence would not begin until he was received at a federal correctional institution.

The Bureau of Prison's calculation of credit due Mr. Bayley is consistent with governing law. Mr. Bayley is not being required to serve more time on his federal sentence than ordered by the sentencing courts or required by statute. Accordingly, the district court did not err in denying Mr. Bayley's petition.

**AFFIRMED** .

Entered for the Court

**WADE BRORBY**
United States Circuit Judge