142 F.3d 440
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
K. Khalid SHAMSUD'DIYN, Petitioner-Appellant,
v.
William R. STORY, Respondent-Appellee.
 No. 96-1686.
 United States Court of Appeals,
Seventh Circuit.
 .
Decided March 12, 1998.
Submitted March 12, 1998*.
Decided March 12, 1998.
 
 Appeal from the United States District Court for the Southern District of Illinois. No. 94 C 744, J. Phil Gilbert, Chief Judge.
 Before Hon. RICHARD A. POSNER, Chief Judge, Hon. WALTER J. CUMMINGS, Hon. KENNETH F. RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 K. Khalid Shamsud'Diyn (hereinafter "Petitioner") appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The district court determined that Petitioner is not entitled to credit against his federal sentence for time served while incarcerated in a state penitentiary. We affirm.
 
 
 2
 In 1986, Petitioner committed a number of crimes that resulted in multiple arrests by state police in Montgomery County, Maryland and by federal authorities in the District of Columbia. After his final arrest by District of Columbia metropolitan police in October of 1986, Petitioner waived extradition and was transferred to Montgomery County, Maryland. In November of 1986, the District Court for the District of Columbia issued a writ of habeas corpus ad prosequendum to authorities in Montgomery County to secure Petitioner's presence in federal court. Pursuant to this writ, Petitioner was transferred to the District of Columbia, where he pleaded guilty and was sentenced on January 29, 1987 to ten-years' imprisonment.[1] He then was transferred back to the State of Maryland, where he was sentenced on January 7, 1988 to a seven-year term, all counts to run concurrently. Petitioner was sent to a state correctional facility pursuant to a commitment order issued by the Circuit Court of Montgomery County, Maryland. On January 25, 1990, a Maryland judge entered an ordered clarifying that Petitioner's sentence was to be served concurrent with his federal sentence. On August 20, 1990, Petitioner was taken into federal custody.
 
 
 3
 Petitioner's multiple arrests and sentences resulted in a tangled procedural history that made it difficult for the Bureau of Prisons ("BOP") to calculate Petitioner's federal sentence. Consequently, the BOP calculated and recalculated Petitioner's federal sentence with varying results, and Petitioner appealed each new calculation to the appropriate administrative body. The end result was that Petitioner exhausted his administrative remedies and, although he was given credit against his federal sentence for pretrial time served in 1986 and for time served between January 29, 1987 (the date of his federal sentencing) and January 7, 1988 (the date of his state sentencing), he was not given credit for time served between January 7, 1988 and January 25, 1990 (the date he first was made available to the federal authorities).
 
 
 4
 On October 5, 1994, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the district court. A magistrate judge determined that Petitioner was not entitled to credit for time served between January 7, 1988 and January 25, 1990. The district court adopted the report and recommendation and denied Petitioner's petition. Petitioner appeals this determination. We review the district court's denial of his petition for a writ of habeas corpus de novo and all factual determinations for clear error. Terry v. Martin, 120 F.3d 661, 662 (7th Cir.1997); Barnard v. Henman, 89 F.3d 373, 376 (7th Cir.1996).
 
 
 5
 This case is governed by 18 U.S.C. § 3568 (repealed).[2] This statute provides in pertinent part: "[t]he sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence....." Courts uniformly have construed § 3568 strictly and have refused to award prisoner credit for time served in state prison. See Jackson v. Brennan, 924 F.2d 725, 728 (7th Cir.1991); United States v. Kanton, 362 F.2d 178 (7th Cir.1966). In Kanton, we held that "[a]bsent clear intent to have [the] defendant's [federal] sentence run concurrently with any state sentence, the execution of his federal sentence did not begin to run until the United States Marshal assumed custody over him at his place of detention to await transportation to the federal penitentiary." Id. at 179-80.
 
 
 6
 In this case, the record indicates that Petitioner was sentenced in federal court to a ten-year sentence; that his federal sentence was not made expressly concurrent with any other sentence; and that his presence in federal court was secured by a writ of habeas corpus ad prosequendum, thereby indicating that he simply was "on loan" to the federal government by the State of Maryland. See Flick v. Blevins, 887 F.2d 778, 781 (7th Cir.1989); see also see Thomas v.. Brewer, 923 F.2d 1361, 1367 (9th Cir.1991). The record also shows that Petitioner was sentenced in state court to a term of seven years; that he was sent to a state prison immediately following his state sentencing; and that he was first made available for transportation to a place of federal confinement on January 25, 1990, the day the Maryland court first issued an order clarifying its intent that Petitioner serve his sentence in a federal jail. On the basis of these facts, Petitioner's case falls squarely within the parameters of the rule set forth in § 3568 and Kanton. Accordingly, the district court's denial of Petitioner's petition for a writ of habeas corpus was appropriate.
 
 
 7
 Petitioner raises a number of arguments in opposition to this conclusion. First, he contends that he was in federal custody when he was sentenced in federal court on January 27, 1987 such that his federal sentence should be deemed to have commenced on that date. In support, he points out that the record does not contain a copy of the writ of habeas corpus ad prosequendum used to secure his presence in federal court. While it is true that the record does not contain an actual copy of this writ, the record fully supports the conclusion that Petitioner was within the primary custody of the State of Maryland when he was sentenced in federal court. The record shows that Petitioner was extradited to Montgomery County, Maryland after his final arrest in the District of Columbia; that he remained in Montgomery County until the United States District Court for the District of Columbia secured temporary custody over him pursuant to a writ of habeas corpus ad prosequendum; and that Petitioner was returned to Montgomery County after his federal sentencing. Based on these facts, the district court did not commit clear error when it concluded that Petitioner was simply "on loan" to the federal authorities when he was sentenced in federal court in 1987.
 
 
 8
 Second, Petitioner argues that because the state court sentence indicated that all counts were to run concurrently, the federal authorities should have been "aware" of the state court's intention to have him serve his sentence in a federal prison and should have retrieved him. There is no merit to this argument. The state sentence does not expressly say that it is to run concurrent with the federal sentence. Moreover, the federal government is not bound by the state court's decision to impose a concurrent sentence. Indeed, a state court sentence permitting a defendant to serve his state sentence concurrently with his federal sentence in a federal jail simply constitutes a recommendation that the federal government may or may not accept. See Del Guzzi v. United States, 980 F.2d 1269, 1270 (9th Cir.1992); Pinaud v. James, 851 F.2d 27, 30 (2nd Cir.1988); United States v. Aleman, 609 F.2d 298, 309 (7th Cir.1979). A defendant convicted of both federal and state crimes "owes a debt to two separate sovereigns, each of which ha[s] a right to exact payment independently of the other." Jackson, 924 F.2d at 729. See also Bloomgren v. Belaski, 948 F.2d 688, 691 (10th Cir.1991). Accordingly, the federal government was not obligated to retrieve Petitioner until the state authorities made him available for release on January 25, 1990.
 
 
 9
 Next, Petitioner argues that Maryland authorities asked the BOP to take custody of Petitioner but that the BOP refused. However, the record contains no evidence indicating that Maryland ever requested the BOP to take Petitioner into custody before January 25, 1990.
 
 
 10
 Petitioner also argues that "were it not for the mistake in custodial arrangement, [he] would have been released long ago," and that he should not be penalized for this error. Petitioner then cites in his petition a number of cases that have held that when a federal prisoner is improperly committed by a United States marshal or sheriff to a state institution, or where the federal government ignores a state's request to take custody over a prisoner, that prisoner is entitled to credit on his federal sentence for time served in a state prison. See Kiendra v. Hadden, 763 F.2d 69 (2nd Cir.1985); United States v. Croft, 450 F.2d 1094 (6th Cir.1971); Smith v. Swope, 91 F.2d 260 (9th Cir.1937). These cases are distinguishable from the instant case, however, because Petitioner was not in the custody of the federal government when the allegedly erroneous commitment order was issued, such that any mistake in carrying out the commitment order was caused by a state--not federal--actor. In addition, there is no indication that a United States marshal or sheriff ignored requests by the State of Maryland to take Petitioner into custody. See McIntosh v. Looney, 249 F.2d 62, 64 (10th Cir.1957). Accordingly, these cases are inapplicable to the facts of this case.
 
 
 11
 Finally, Petitioner contends that the failure to grant him credit for time served in a state jail violates his due process and Eighth Amendment rights. However, Petitioner fails to support these claims with any legal or factual argument. "Even pro se litigants ... must expect fo file a legal argument and some supporting authority. United States ex rel. Verdone v. Circuit Court for Taylor County, 73 F.3d 669, 673 (7th Cir.1995) (per curiam). Petitioner's failure to support these arguments in any fashion renders them waived. Mathis v. New York Life Ins. Co., 133 F.3d 546, 548 (7th Cir.1998).
 
 
 12
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Petitioner was released from prison on July 9, 1997. However, he still must serve a special three-year parole term
 
 
 [2]
 18 U.S.C. § 3568 was repealed as part of the Sentencing Reform Act. See Pub.L. No. 98-473, Title II, c. II, §§ 212(a)(2) & 235(a)(1), 98 Stat.1987, 2031 (1984). However, for crimes committed before November 1, 1987, § 3568 still governs the calculation of federal sentences. See Sinito v. Kindt, 954 F.2d 467, 469 n. 3 (7th Cir.1992). Since the offenses for which Petitioner was convicted occurred prior to that date, § 3568 applies here