**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 4, 2014[*]
Decided November 4, 2014

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 14-2146

| | |
|---|---|
| CHARLES M. LOEWE, | Appeal from the United States District |
| *Petitioner-Appellant,* | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 11-cv-1008-DRH |
| | |
| JAMES N. CROSS, Warden, | David R. Herndon, |
| *Respondent-Appellee.* | *Chief Judge.* |

**O R D E R**

Charles Loewe is serving a lengthy sentence at the Federal Correctional Institution in Greenville, Illinois. He argued in a petition for a writ of habeas corpus, *see* 28 U.S.C. § 2241, that the Bureau of Prisons must credit against his federal sentence

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the petition is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

all time he previously spent in state custody on related charges. The district court denied relief. We affirm that decision.

During the late 1970s and early 1980s, Loewe was a foot soldier for a St. Louis, Missouri, crime syndicate that tried to wrest control of two labor unions from other mobsters. *See United States v. Leisure*, 844 F.2d 1347, 1351–53 (8th Cir. 1988). Federal authorities charged Loewe with racketeering crimes in April 1983, and about a month later he posted bond. That November, while Loewe remained on bond, the State of Missouri arrested him in connection with the murders of two rivals and the shootings of two others. *See State v. Loewe*, 756 S.W.2d 177, 179 (Mo. Ct. App. 1988). At least one of the murders is among the predicate acts of racketeering activity alleged in the federal indictment. *See Leisure*, 844 F.2d at 1350 n.4. Loewe was unable to post bond in state court and thus remained in the custody of Missouri. The federal prosecution still went forward, however, and Loewe regularly appeared in federal court on writs of habeas corpus ad prosequendum. In 1985 he was found guilty and sentenced to 36 years' imprisonment, *see id*. at 1353, after which he was returned to state custody. Two years later a Missouri court convicted him of two counts of assault and sentenced him to a total of 50 years' imprisonment. *See Loewe*, 756 S.W.2d at 178–79. Loewe served time in state prison until 2001, when he was paroled to a federal detainer.

In 2011 the United States Parole Commission calculated a presumptive parole date in March 2017, which assumes that Loewe's federal sentence commenced in 2001. When Loewe's administrative challenges failed, he filed this § 2241 action claiming that former 18 U.S.C. § 3568—which still governs for crimes committed before November 1987, *see Jackson v. Brennan*, 924 F.2d 725, 727 n.3 (7th Cir. 1991)—dictates that his federal sentence started running immediately after the federal indictment or, at the latest, after his sentencing in 1985. The district court concluded that Loewe was not entitled to federal credit for the time he spent in state custody because he owed a debt to each sovereign independently. We review de novo the district court's denial of Loewe's § 2241 petition. *See Jones v. Cross*, 637 F.3d 841, 845 (7th Cir. 2011).

Under former § 3568, a federal sentence commences when the prisoner "is received at the penitentiary, reformatory, or jail for service of such sentence." 18 U.S.C. § 3568; *see Jake v. Herschberger*, 173 F.3d 1059, 1064–65 (7th Cir. 1999); *Flick v. Blevins*, 887 F.2d 778, 782 (7th Cir. 1989); *United States v. Aleman*, 609 F.2d 298, 309 (7th Cir. 1979). Until then, a prisoner in the primary custody of a state earns no credit against the federal sentence for any period credited toward an undischarged state sentence. *See Sinito v. Kindt*, 954 F.2d 467, 470 (7th Cir. 1992); *United States v. Kanton*, 362 F.2d 178,

179 (7th Cir. 1966). Only after primary jurisdiction has shifted to the federal government does a federal sentence commence. *See Elwell v. Fisher*, 716 F.3d 477, 481 (8th Cir. 2013); *Binford v. United States*, 436 F.3d 1252, 1256 (10th Cir. 2006). Generally, primary jurisdiction rests with the first sovereign to take physical custody of a prisoner. *See United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005); *Thomas v. Brewer*, 923 F.2d 1361, 1366–67 (9th Cir. 1991). And since federal authorities had arrested and tried Loewe before Missouri, he argues that the federal government retained primary jurisdiction throughout his entire period of state incarceration.

But this contention overlooks that the federal government had released Loewe on bond before the state arrested him. And a sovereign exercising primary jurisdiction relinquishes it by releasing the prisoner on bail or parole. *See Ponzi v. Fessenden*, 258 U.S. 254, 260–61 (1922); *Elwell*, 716 F.3d at 481; *Taylor v. Reno*, 164 F.3d 440, 444 (9th Cir. 1998). Here, the federal government initially exercised primary jurisdiction over Loewe when it arrested him in April 1983, but it relinquished that jurisdiction by releasing him the next month. *See Roche v. Sizer*, 675 F.2d 507, 510 (2d Cir. 1982). Therefore, when the State of Missouri arrested and detained Loewe six months later, the state assumed primary jurisdiction, and Loewe's federal sentence could not commence until Missouri relinquished its priority and the United States again acquired primary jurisdiction. *See Flick*, 887 F.2d at 782; *Binford*, 436 F.3d at 1256.

Missouri did not relinquish primary jurisdiction by allowing Loewe to appear in federal court for his federal prosecution. For each appearance, the federal court issued a writ of habeas corpus ad prosequendum, which permits one sovereign to temporarily "borrow" a person in the custody of another sovereign for the purpose of prosecuting him. *See Jake*, 173 F.3d at 1061 n.1; *Flick*, 887 F.2d at 781. Therefore, even though the federal government occasionally assumed physical custody of Loewe, he was still under the *jurisdiction* of the State of Missouri until July 2001. *See Jake*, 173 F.3d at 1061 n.1; *Sinito*, 954 F.2d at 469; *United States v. Evans*, 159 F.3d 908, 912 (4th Cir. 1998).

Finally, Loewe argues that, even if he was not under the federal government's jurisdiction, he should be given sentence credit because his state and federal convictions are related. Loewe again points to former § 3568, which provides that a federal prisoner shall be given "credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed." 18 U.S.C. § 3568. This argument is a nonstarter. Section 3568 specifically defines "offense" to mean any civilian crime "which is in violation of an Act of Congress and is triable in any court established by Act of Congress." *Id*. Thus, § 3568's reference to "offenses or acts" must

be read narrowly, meaning that even if "the identical criminal 'acts' formed the basis for both the federal and state prosecutions," the Bureau of Prisons need not award credit for state custody "because that custody was pursuant to the laws of, and under the complete control of, a sovereign other than the federal government." *Jackson*, 924 F.2d at 728–29; *see also Thomas v. Whalen*, 962 F.2d 358, 363–64 (4th Cir. 1992); *Bloomgren v. Belaski*, 948 F.2d 688, 690–91 (10th Cir. 1991). Loewe's state assault offenses did not violate federal law and could not be tried in federal court. Thus, § 3568 does not mandate the sentence credit that Loewe seeks.

AFFIRMED.